### BURLINGTON INSURANCE COMPANY V. W. H. RIVERS.

#### No. 1059.

1. **Fire Insurance—Pleading—Exceptions.**—A policy of insurance against loss by fire provided, that the "company shall not be liable for loss by theft at or after a fire, nor for the loss caused by invasion, insurrection, riot, civil commotion, military or usurped power." Upon a loss by fire the petition alleged the loss, but did not deny that the fire was caused by "invasion," etc. This omission did not render the petition insufficient. Such are matters of defense, and for the benefit of the insurer.

2. **Cases Limited.**—Insurance Company v. Boren, 83 Texas, 97, and Insurance Company v. Troy Co-operative Association, 77 Texas, 225, are limited, so far as expressing other views than herein.

3. **Warranties, etc., in Insurance Policy.**—Warranties in a contract become a part of it, limiting and restricting its scope and effect; and yet it has often been held, that a plaintiff who sues on an insurance policy in which he had bound himself by numerous warranties, is not required to show by his pleadings or proof compliance with his warranties.

4. **Waiver.**—Proof of a waiver of notice and proof of loss by the assured were made, showing such waiver by an agent. The effect of such proof was not neutralized by a stipulation in the policy, "that no person but the president or the secretary could waive any part of the contract." Such stipulations are not of controlling force upon the future actions of the parties with each other.

APPEAL from County Court of Bastrop. Tried below before Hon. R. W. SIDDALL, County Judge.

*Fowler & Maynard,* for appellant.—1. It being disclosed by the petition that the defendant was not liable for loss from fire caused by invasion, insurrection, riot, etc., and there being nothing in the petition showing that the loss claimed by plaintiff was not caused by invasion, insurrection, riot, etc., the demurrer should have been sustained. Ins.

Co. v. Boren, 83 Texas, 98; Ins. Co. v. Co-operative Assn., 77 Texas, 225.

2. As by the terms of the policy no person except the president or secretary can waive the proofs, except by written indorsement on the policy, and as it does not appear that the alleged waiver by R. P. Jones was by written indorsement on the policy, the general demurrer should have been sustained, and all of said petition so far as it attempts to account for the failure to render said proofs should have been stricken out.

*B. D. Orgain* and *H. M. Garwood,* for appellee.—1. To recover on an insurance policy, the petition must aver the loss and show that it occurred by reason of a peril insured against, but it need not aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from excepted risks. Blassingame v. Ins. Co., 17 Pac. Rep., 925; Lounsburg v. Ins. Co., 8 Conn., 466; 21 Am. Dec., 686; Bank v. Ins. Co., 40 N. W. Rep., 506; 2 Wood on Ins., 2 ed., p. 1132; 2 May on Ins., 3 ed., p. 1137, sec. 590; Underwriters v. Druland, 7 L. R. Ann., 399; Ins. Co. v. Robinson, 64 Ill., 265; 16 Am. Rep., 557; 1 Wood on Ins., p. 259 and cases cited; Wooters v. Railway, 54 Texas, 294.

2. It has been uniformly held, that such provisions as that set up by defendant refer only to those provisions and conditions in the policy which enter into and form a part of the contract of insurance and are essential to make it a binding contract, and have no reference to those stipulations which are to be performed after a loss occurs, such as giving notice and furnishing proofs of loss. Ins. Co. v Lea, 73 Texas, 646; Cohen v. Ins. Co., 67 Texas, 325; Ins. Co. v. Griffin, 59 Texas, 509; Ins. Co. v. Brodie, 11 S. W. Rep., 1016; Loeb v. Ins. Co., 12 S. W. Rep., 374; Dibbrell v. Ins. Co., 28 Am. St. Rep., 67; 110 N. C., 193; Ins. Co. v. Bowdre, 19 Am. St. Rep., 326; 67 Miss., 620; Wheaton v. Ins. Co., 9 Am. St. Rep., 216, and note, p. 234; 76 Cal., 415; Rokes v. Ins. Co., 34 Am. Rep., 323; 51 Md., 512; Ins. Co. v. Ice Co., 34 Am. Rep., 469; Ins. Co. v. McRea, 41 Am. Rep., 647; 8 Lea, 513; Ins. Co. v. Capehart, 8 N. E. Rep., 285; 2 May on Ins., 3 ed., p. 1097, sec. 473a; Id., sec. 511; 2 Wood on Ins., 2 ed., p. 867, sec. 419.

3. R. P. Jones being a general agent of the defendant, his acts and declarations were admissible against and binding upon defendant, notwithstanding the provision in the policy that waivers other than by president and secretary must be indorsed on the policy.

KEY, ASSOCIATE JUSTICE.—Appellee sued and recovered upon a fire insurance policy. A general demurrer to his petition was overruled, and error is assigned upon this ruling.

1. The policy enumerates a number of different circumstances in which it is stated the company will not be liable; among which is the following: "This company shall not be liable for loss by theft at

or after a fire, nor from loss caused by invasion, insurrection, riot, civil commotion, military or usurped power." The petition alleged, that the property insured was totally destroyed by fire; but did not negative the fact that the fire was caused by invasion, insurrection, riot, civil commotion, military or usurped power; and for this omission, appellant contends that it fails to state a cause of action, and is subject to a general demurrer. In support of this contention, appellant's counsel cite Pelican Insurance Company v. Troy Co-operative Association, 77 Texas, 225, and Phœnix Insurance Company v. Boren et al., 83 Texas, 97, and, while the precise question now under consideration does not appear to have been decided in either of those cases, it must be conceded that both of them—and especially certain expressions of the judge who wrote both opinions—tend strongly to support the proposition upon which they are cited. Still, we do not regard the question as conclusively settled in this State; and, believing that the weight of authority supports a different and better rule than that intimated in the cases referred to, on the question under consideration we decline to follow them. And this is said and done with due respect for our Supreme Court, and with profound regard and veneration for the late chief justice, who so long and ably served upon that bench, and who wrote the opinions in the cases mentioned.

On the question under consideration, a standard author says: "The complaint must set forth a loss arising from the peril insured against, and if the policy excepts against a loss occasioned by a fire arising from an explosion, or from lightning, or from the falling of a building, or from any other special cause, although not necessary, it is proper to aver that the loss resulted from a fire not arising from any of the excepted causes. * * * It is not indispensably necessary that the declaration should negative the exceptions contained in the policy, as that the loss did not result from an invasion, as such matters are exclusively for the benefit of the insurer and are strictly matters of defense, and are not conditions precedent." Wood on Fire Ins., sec. 519, pp. 1132, 1133. To the same effect is May on Insurance (vol. 2, sec. 590, p. 1337, 3d ed.), a treatise of equal merit.

The precise question before us was considered and decided in Lounsbury v. Protection Insurance Company, 8 Connecticut, 459 (21 American Decisions, 686), and the judge delivering the opinion of the court said: "It is contended by the counsel for the defendants, that the declaration is insufficient. It states generally that the defendants, being an incorporated company, for a certain premium, by their policy made insurance on the buildings, etc., of the plaintiff, viz., a building occupied by the plaintiff as a manufactory of hat bodies, and on the privilege for all the process of said business. There were many conditions annexed to the policy, which the declaration recites with an unnecessary particularity, and then alleges a loss by fire, and that the plaintiff made proof of loss according to the requirements of the policy. One of these conditions, as they are called, is, that the insur-

ers 'will not be liable for any loss or damage which may happen or take place by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power.' Another is, that if the building shall be used during the year for which it is insured for any occupation deemed in the policy hazardous or extra hazardous, such as soap-boiler's or tallow-chandler's business, etc., unless otherwise in the policy specially provided for, then so long as it may be thus occupied the policy shall cease, and have no effect. Now it is said that the declaration is insufficient, because these exceptions are not negatived. I feel no difficulty on this point. All these conditions, if such they may be called, are inserted in the policy by way of proviso, and not at all as conditions precedent. They are introduced for the benefit of the defendants; and they must be taken advantage of, if at all, by pleading. This general rule of law can not be controverted. Com. Dig., title 'Pleader,' chap. 81; Hotham v. The East India Co., 1 T. R., 638, 645, 646; 1 Chit. Pl., 228, 229."

In a case decided by the Supreme Court of California in 1888 (Blasingame v. Ins. Co., 17 Pac. Rep., 925), the subject is treated as follows: "In the policy declared on in this case it is provided, that the companies shall not be liable 'for any loss or damage by fire caused by means of an invasion, insurrection, riot, civil commotion, or military or usurped power; nor for any loss in buildings unprovided with good and substantial stone or brick chimneys, the absence of which has been the cause of the fire; nor in consequence of any neglect or deviation from the laws or regulation of police, where such exist; nor for any loss caused by the explosion of gunpowder, or any explosive substance.' In the complaint it is alleged, that all of the property insured was totally destroyed by fire, but it is not alleged that the loss did not occur in any of the excepted ways or from any of the excepted causes. In our opinion, the complaint was sufficient in the respect referred to. Every complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language, but it is not necessary to insert in it allegations for the purpose of meeting or cutting off a defense. Thus one seeking to recover on an insurance policy must aver the loss, and show that it occurred by reason of a peril insured against, but he need not aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from the excepted risks. Lounsbury v. Ins. Co., 8 Conn. 466; Hunt v. Ins. Co., 2 Duer, 481; May on Ins., p. 891, sec. 587; 1 Estee Pl. and Pr. (Pom. ed.), sec. 740 and cases cited."

Warranties in a contract become a part and parcel of the contract; limit and restrict its scope and effect; and yet it has often been held that a plaintiff who sues upon an insurance policy in which he has bound himself by numerous warranties is not required to show, by his pleadings or proof, compliance with his warranties. Ins. Co. v. Ewing, 92 U. S., 377; Life Ins. Co. v. Rogers, 119 Ill., 474; Dennis v. Life Ins. Co., 24 Pac. Rep., 120; Underwriters v. Durland, 7 L. R. Ann.,

399. And finally, the case of East Texas Fire Insurance Company v. Dyches, 56 Texas, 566, supports our ruling. The case is not fully reported, and it does not, as reported, distinctly appear that the same objection to the petition was urged in that case that is urged in this; but in considering the action of the trial court in overruling exceptions to the petition the Supreme Court said: ''Enough of the contract was stated, in connection with facts showing performance or excuse for nonperformance of all conditions precedent, to show prima facie a complete right of action. Those parts or conditions of the contract which are matters in the nature of conditions subsequent, or in the nature of exceptions, or which are prohibitory of certain acts by the assured, are matters of defense, and were not required to be noticed or negatived in the petition.''

The stipulations in the policy, which it is contended appellee's petition should have negatived, are in the nature of provisos creating exceptions to appellant's general liability for loss or injury caused by fire; and, supported by the authorities above cited, we hold, that it was not necessary for the appellee's petition to show that his loss was not within the excepted risks. Appellant's counsel has cited no authorities in support of his proposition, except the two Texas cases (77 Texas, 225, and 83 Texas, 97,) already referred to; and we have found none other ourselves that tend to sustain him.

2. There is no merit in the objection that the petition did not allege notice and proof of loss, nor a binding waiver thereof. It alleged that proofs of loss, as required by the policy, were furnished to appellant's president and secretary at Burlington, Iowa; and it is also alleged, that notice and proof of loss were waived by appellant's authorized agent, R. P. Jones. It is true that the policy stipulates that no person except the president or secretary could waive any part of the contract, except by written indorsement on the policy; but it has been repeatedly held that such stipulations are not of controlling force. Cohen v. Ins. Co., 67 Texas, 325; Ins. Co. v. Lee, 73 Texas, 641.

3. No error is shown in the court's ruling on the admissibility of evidence; nor in its holding that R. P. Jones had authority to waive, and did waive, the proof of loss.

The judgment is affirmed.

*Affirmed.*

Delivered December 5, 1894.