WESTERN UNION TELEGRAPH CO. v. TARTAR. (No. 300.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 22, 1918.)

1. JUDGMENT ☞256(1)—FAILURE TO DELIVER MESSAGE—PLEADING AND PROOF—FINDINGS OF FACT—SUFFICIENCY.

In action for failure to deliver message of probably fatal illness, where the complaint failed to allege that the message could have been delivered at any other time than on the day on which it was sent, or that any subsequent delivery would have enabled the addressee to have attended the funeral, or to have seen his sister alive, and the judge made the affirmative finding that there was no negligence on that day, judgment for the plaintiff could not stand, although the judge further found negligence on a subsequent day.

2. JUDGMENT ☞248—PLEADING AND FINDINGS.

A judgment must have support in the pleadings of the parties, regardless of the state of the evidence.

Appeal from District Court, Orange County; W. R. Blackshear, Judge.

Action by P. D. Tartar against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. J. & C. T. Duff, of Beaumont, for appellant. J. T. Adams, Tom C. Stephenson, and E. L. Bruce, all of Orange, for appellee.

HIGHTOWER, Jr., C. J. This is an appeal from the judgment of the district court of Orange county in favor of P. D. Tartar, plaintiff below, against appellant, Western Union Telegraph Company, defendant below, awarding to the appellee $500 as damages for mental anguish suffered by appellee in consequence of alleged negligence on the part of appellant in failing to transmit and deliver to appellee at Orange, Tex., a telegram announcing the serious illness of appellee's sister, then residing near Ballinger, Tex.

The cause was tried before the court without a jury, and at the request of appellant the trial court filed findings of fact and conclusions of law, upon which the judgment in this cause is based.

This court having reached the conclusion that the judgment of the trial court must be reversed for the reason that said judgment is without a basis in the pleadings to support it, if the findings of fact and conclusions of law by the trial court be given proper effect, we here now set out plaintiff's petition, as the same appears in the transcript before us, as follows:

"Your petitioner, P. D. Tartar, hereinafter styled plaintiff, complaining of the Western Union Telegraph Company, hereinafter styled defendant, respectfully represents that plaintiff resides in Orange county, Tex., and that the defendant is a private corporation incorporated and existing under the laws of the United, States and doing business in Orange county, Tex., with Manlo Bravo, its agent at Orange, Tex., who resides in said county, upon whom service may be had.

"(1) Plaintiff represents to the court that on the dates hereinafter mentioned defendant owned and operated a telegraph line from the town or city of Ballinger, in Runnels county, Tex., to the city of Orange, in Orange county, Tex., and for hire transmitted telegrams for the public generally between said points.

"(2) That on the 27th day of May, 1916, plaintiff resided in Orange county, Tex., and plaintiff's sister, Mrs. H. C. Brunson, resided with her husband near said town of Ballinger; that on said date plaintiff's said sister hereinbefore named was dangerously sick and not expected to live, and plaintiff was unaware of her such condition, and on such date, about the hour of 12 o'clock noon, there was delivered or caused to be delivered to the agent of the defendant at its office in the town of Ballinger as aforesaid, for transmission to plaintiff in said

city of Orange, a telegram, in substance as follows:

"'Ballinger, Texas, 12:07 P. M.,
                              "May 27th, 1916.
"'P. D. Tartar, Orange, Texas: Mother is dying, come at once, let Uncle Fayette know.
"'[Signed]          M. E. Brunson.'"

"(3) That the sender of said message or the person who caused said message to be sent, to wit, A. E. Brunson, paid the agent of said defendant at Ballinger, at the time of the delivery of said telegram aforesaid, the sum of 50 cents, the customary and proper charge for transmitting such telegrams, and being the charge then and there demanded therefor by the agent of said defendant. The said agent of the defendant at Ballinger was then and there informed by the said A. E. Brunson, or caused to be informed by the said A. E. Brunson, a nephew of said P. D. Tartar, and the son of Mrs. H. C. Brunson, of the facts and circumstances requiring a speedy transmission and delivery of said telegram. The said agent of the defendant at Ballinger then and there knew that facts and circumstances existed requiring a speedy transmission and delivery of said telegram. The said agent of defendant at Ballinger was then and there advised of the contents of said telegram, and the facts and circumstances therein stated, and that facts and circumstances existed requiring the speedy transmission of said telegram to the agent of the defendant at Orange, who received said telegram, and knew, and was therein advised, of the facts and circumstances requiring a speedy and prompt delivery of said telegram.

"(4) That said telegram was not promptly transmitted by said agent at Ballinger, and when said telegram was transmitted, the same was held by the agent of the defendant at Orange after the same was received by him from 12:59 p. m. on May 27, 1916, until May 30, 1916, at which last-mentioned date and hour same was delivered or caused to be delivered to plaintiff.

"(5) But plaintiff alleges that said telegram was in fact transmitted and received at defendant's office in the city of Orange, Tex., by its agent in Orange, at 12:59 p. m. on the 27th day of May, 1916, but that said telegram was not delivered until thereafter, on the 30th day of May, 1916, although plaintiff was in the city of Orange at the time said message was received by the agent of defendant at Orange, Tex., until about 7 or 8 o'clock p. m. on said 27th day of May, 1916, and could easily have been found by defendant, or its agent, and said telegram could have been delivered promptly by defendant after the same was received by defendant at Orange.

"(6) That plaintiff's said sister hereinbefore named died on the 29th day of May, 1916, at about 3:35 o'clock a. m., and was conscious prior to and from the 27th day of May, 1916, up to the time of her death.

"(7) That by the use of reasonable and proper diligence defendant could have transmitted and delivered said telegram on said 27th day of May, 1916, to plaintiff in said city of Orange, who was then and there ready to receive the same.

"(8) That by reason of the negligence of the defendant, its officers, servants, and agents, to properly transmit and deliver said telegram to plaintiff within a reasonable time, as aforesaid, plaintiff was prevented from thereafter seeing his sister hereinbefore named alive, and by reason and in consequence thereof he has suffered great disappointment, grief, and mental anguish, to his damage in the sum of $1,000.

"(9) That plaintiff's sister hereinbefore named was buried at 5:30 o'clock p. m. on the 29th day of May, 1916, at and near the place of her death.

"(10) That by reason of the negligence of defendant, its officers, servants, and agents, to transmit and deliver said telegram within a rea-

sonable time, as aforesaid, plaintiff was prevented from attending his said sister's funeral, and by reason of and in consequence thereof he has suffered great disappointment, grief and mental anguish, to his damage in the sum of $995.

"(11) That if said telegram had been promptly delivered to plaintiff, plaintiff could have and would have gone to Ballinger, Tex., and to the home and bedside of his sister, hereinbefore named, before her death, and could and would have attended her funeral, and would have derived great consolation therefrom.

"Wherefore plaintiff prays that defendant be cited to appear and answer herein, and that upon a trial hereof he have judgment against defendant for the sum of $1,995, damages sustained, for costs of suit, and for such other and further relief, general and special, in law or in equity, that he may be entitled to receive."

Appellant answered the above petition by a general demurrer and special exception, the disposition of which is not shown by the record, and will therefore not be further mentioned here, and also by general denial, and also specially that at the time said message was sent and received in the town of Orange plaintiff was not a resident of said town, nor did he live within one mile of the corporate limits of said town; that his place of residence was more than five miles from said corporate limits of said town, and at the time was unknown to defendant, its agents or employés. Defendant further specially pleaded contributory negligence on the part of the sender of said message in failing to give a proper address of the plaintiff, or the name of the place where plaintiff could be found.

The findings of fact and conclusions of law by the trial court appear in the transcript as follows:

"Findings of Facts.

"(1) On the dates hereinafter mentioned, defendant, Western Union Telegraph Company, owned and operated a telegraph line from the town of Ballinger, in Runnels county, Tex., to the city of Orange, in Orange county, Tex., and for hire transmitted telegrams for the public generally between said points.

"(2) On the 27th day of May, A. D. 1916, plaintiff, P. D. Tartar, resided in the city of Orange, Tex., and on said date plaintiff's sister, Mrs. H. C. Brunson, resided with her husband near the town of Ballinger, Tex., and on said date plaintiff's said sister was dangerously sick, and not expected to live, and plaintiff was unaware of her such condition, and on said date about the hour of 12 noon there was delivered to the defendant at its office in the town of Ballinger, for transmission to plaintiff in said city of Orange, a telegram as follows:

"'Ballinger, Texas, 12:07 P. M.,
                              "'May 27, 1916.
"'P. D. Tartar, Orange, Texas: Mother is dying. Come at once. Let Uncle Fayette know.          [Signed] A. E. Brunson.'

"(3) That the sender of said message, A. E. Brunson, paid the agent of defendant in Ballinger at the time of the delivery of the same for transmission the sum of 50 cents, which was the customary and proper charge for transmitting said telegram, and being the charge then and there demanded by the agent of the defendant.

"(4) That said telegram was promptly transmitted by defendant from Ballinger to Orange, and was received by defendant's agent at Orange at 12:59 o'clock p. m., on May 27, 1916.

"(5) That upon the receipt of said message or telegram by defendant at Orange, at 12:59 p. m., defendant made inquiry at the post office at Orange for the addressee, P. D. Tartar, and was informed by the party at said post office that said P. D. Tartar was believed to be then in the country; that plaintiff made inquiry for P. D. Tartar at the Holland Hotel in Orange, and made inquiry of Lee Woodworth at the Jackson Grocery Company in Orange; that the messenger boys of defendant made inquiry in the business part of Orange for said P. D. Tartar.

"(6) That at 1:19 on the 27th day of May, 1916, defendant's agent at Orange sent a service message to Ballinger asking for a better address of the addressee; that at 3:30 p. m., on May 27, 1916, defendant's agent received a service message from its agent at Ballinger, stating that better address could not be given, but to try the Holiness preacher, or the post office; that at 9 a. m. on May 28, 1916, defendant's agent at Orange received a service message from its agent at Ballinger advising him to try Richard Bland.

"(7) That at about 10 o'clock a. m. on May 28, 1916, defendant delivered said telegram to Richard Bland, in Orange, Tex., said Richard Bland receipting therefor.

"(8) That said telegram was not received by plaintiff, P. D. Tartar, until, to wit, May 30, 1916, at about 10 o'clock a. m.

"(9) That on May 27, 1916, and at about 6:30 p. m., the sender of said message authorized and instructed defendant's agent at Ballinger to deliver said message to P. D. Tartar in the country, and guaranteed the payment of the charges and expenses necessary for such delivery.

"(10) That the said P. D. Tartar was well known in the city of Orange on and prior to the 27th day of May, 1916, and was in said city of Orange and in the business part of said city on said date from 10 a. m. until 6 p. m. of said date.

"(11) That said P. D. Tartar was at said time making his home with Richard Bland in the city of Orange, but for a few days previously had gone to the home of Walter Wilkinson, about 6 miles from Orange, in the country, and came into Orange with said Walter Wilkinson on said 27th day of May.

"(12) That the said P. D. Tartar is unmarried, and made his home with five or six different families in the city of Orange alternately; that he had one brother living at Mauriceville, in Orange county, Tex., about 11 miles from Orange, at which place he had all his mail addressed.

"(13) That the said P. D. Tartar was not known to the agents of defendant in Orange, Tex., but the said P. D. Tartar had passed by the office of said defendant two or three times on said May 27, 1916.

"(14) That the 'mother' mentioned and referred to in said telegram was the sister of the said P. D. Tartar, and that the sender of the message, to wit, A. E. Brunson, was the nephew of the said P. D. Tartar, and the said 'sister' was Mrs. H. C. Brunson.

"(15) That the said Mrs. H. C. Brunson died at 3:35 a. m. on May 29, 1916, and was conscious prior and from May 27, 1916, up until the time of her death, and the said Mrs. H. C. Brunson, plaintiff's sister, was buried at 5:30 o'clock p. m. on the 29th day of May, 1916, near the town of Ballinger.

"(16) That if plaintiff had received said telegram on the 27th day of May, 1916, or any time prior to 4:30 p. m. of May 28, 1916, he could have and would have gone to Ballinger, and would have been present with his sister prior to her death, and if he had received said telegram at or prior to 4:30 p. m. on May 28, 1916, he could have and would have left Orange in time to attend, and could have and would have attended the burial of his said sister.

"(17) That by reason of plaintiff's not having

received said telegram in time to have seen his sister before her death, and by reason of not having received said telegram in time to have enabled him to have attended the funeral of his said sister, plaintiff suffered disappointment, grief, and mental anguish, and was deprived of the consolation he would have received in seeing her, his said sister, before her death, and in attending her funeral.

"(18) That plaintiff has been damaged in the sum of $500.

"(19) That on the 27th day of May, 1916, the city of Orange had a population in excess of 5,000.

"(20) That plaintiff had a brother, Brack Tartar, residing in Orange, and that there were no other parties by the name of 'Tartar' residing in Orange county at said time, but that the city and telephone directories did not contain the name of any person by the name of Tartar, and that on said date P. D. Tartar had no place of business or occupation at said time.

"(21) That on the 27th, 28th, and 29th days of May, 1916, plaintiff, P. D. Tartar, was temporarily visiting Walter Wilkinson, who lived about six miles in the country from Orange, in Orange county, Tex.

"Conclusions of Law.

"From the foregoing facts I conclude, as a matter of law, that the defendant was diligent in undertaking to make delivery of said telegram on the day of May 27, 1916, but that the defendant was negligent in not making delivery of said telegram thereafter, and that by reason of said negligence said plaintiff has been damaged by defendant in the sum of $500.

"W. R. Blackshear,

"Judge First Judicial District of Texas, Presiding."

From the allegations of appellee's petition, as above copied, it will be readily seen that there is no allegation that the message in question could have been delivered to the appellee at any other time than on the 27th day of May; that there is no allegation that any subsequent delivery would have enabled appellee to have gone to Ballinger, either in time to have seen his sister alive or to have attended her funeral, and, taken as a whole, it is manifest that the pleading charges that appellant was guilty of negligence on the 27th day of May, 1916, in that it failed to deliver to appellee in the city of Orange on that day the message in question; that it is not alleged that the plaintiff could have been found at any place or that the message could have been delivered to him on any other date.

[1, 2] Now, the affirmative finding and conclusion on the part of the trial judge being to the effect that there was no negligence on the part of appellant in failing to transmit and deliver the message in question to appellee on the 27th day of May, 1916, as claimed by appellee, this judgment cannot stand, even though the trial court further found and concluded that appellant was guilty of negligence in failing to deliver to appellee said message subsequent to the 27th day of May, 1916. While it appears, as shown above, that there were other messages than that mentioned in the plaintiff's petition, none of them were even indirectly mentioned or declared upon in appellee's petition as having any connection with the message in question and de-

clared on in the petition, or as constituting any part of the contract, the breach of which was made the basis of this suit.

We understand it to be the rule in this state, as announced and many times reiterated by our appellate courts, that a judgment must have support in the pleadings of the parties thereto, and that this is true regardless of what the state of the evidence may be. This is the contention made by appellant's third assignment of error, and we must sustain it.

The other assignments of error, which challenge the judgment of the court on the ground of insufficiency of the evidence to show negligence on the part of appellant, in failing to deliver the message in question to appellee, will not be discussed, for the reason that we are of the opinion that a discussion of them is not necessary, and perhaps, in view of what is shown by the record in this case, it would not be proper to pass upon these assignments at this time.

We reverse the judgment of the trial court upon the proposition alone that there is no basis in the pleadings for the judgment, as we think we have shown above. Telegraph Co. v. Swearingen, 95 Tex. 420, 67 S. W. 767; Telegraph Co. v. Henry, 87 Tex. 165, 27 S. W. 63.

Judgment reversed, and the cause remanded.