### STALLINGS et al. v. WOOD et al.
### (No. 9211.)

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1924.)

**1. Appeal and error ⬯917(1)—General demurrer presumed waived, where record does not show ruling thereon.**

Where there is nothing in record to show that defendants' general demurrer was ruled on by trial court, it must be presumed that same was waived.

**2. Pleading ⬯192(2)—Petition, failing to allege material facts or any fact from which material facts inferable, subject to general demurrer.**

Where petition contains no specific allegations as to any particular facts material to right to maintain suit, nor allegations from which such material facts may be inferred, a general demurrer must be sustained.

**3. Pleading ⬯205(5)—Requisites stated of general demurrer addressed to failure of petition to allege material facts.**

If petition fails to allege material facts necessary to state cause of action, but contains allegations from which material facts can be inferred, a general demurrer, addressed to failure of petition to allege material facts, should specifically point out such defect.

**4. Pleading ⬯207—Petition disclosing cause of action as whole, not subject to general demurrer, though it might be subject to special exception.**

Where specific allegations of facts in petition, together with those inferable therefrom, disclose a cause of action, it is not subject to general demurrer, although, because of failure to specifically allege facts disclosing cause of action, it is subject to special exception.

**5. Appeal and error ⬯193(9)—Judgment for plaintiffs on pleadings, where petition fails to state cause of action, fundamental error, working reversal, though defendants' general demurrer presumed waived.**

Where allegations in petition would be proper in a cause of action either for rescission of contract for fraud, or for damages resulting from fraud in making contract, but are insufficient to indicate action intended to be instituted, in that, if treated as action for damages for fraud, it failed to allege facts necessary to ascertain measure of damages suffered by reason of fraud, and, if viewed as suit for rescission, it failed to allege that suit was bought for purpose of rescission, *held* that such petition failed to state a cause of action on either theory, and rendition of judgment for plaintiffs on the pleadings was fundamental error, working reversal, though general demurrer of defendants presumed waived.

Error from Dallas County Court at Law; W. N. Coombs, Judge.

Action by Mary D. Wood and another against M. E. Stallings and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

R. E. L. Saner, John C. Saner, J. W. Rodgers, and Chas. D. Turner, all of Dallas, for plaintiffs in error.

W. H. Graham, of Dallas, for defendants in error.

VAUGHAN, J. This suit was instituted on the 22d day of July, 1922, by defendants in error, as plaintiffs, against M. E. Stallings, one of the plaintiffs in error, as defendant. The original petition on which the judgment appealed from was rendered contains, among others, the following allegations material to be stated in disposing of the cause on appeal:

"As an inducement to get the plaintiffs to make said trade, the defendant represented to the plaintiffs that the use of the recipe in the manner provided in the same would make up sufficient material for 12 display cans of 320 cakes each; that all of said 450 or 500 display cans were in Dallas, except 75 cans, which were in Fort Worth, and which he would deliver to the plaintiffs; that he would furnish a driver to work three days in mixing and showing how to mix the cakes and to go with the truck driver of plaintiff until all of the cans were located; that said business would earn $15 per day clear, and in this connection plaintiffs allege that the defendant failed and refused to deliver 224 of the cans which he had contracted to furnish.

"Plaintiff alleges that as to the recipe it was found that by a compliance therewith only 8 cans of 320 cakes each could be made, thereby increasing the cost of making said cakes 33⅓%, and when the defendant represented that a compliance with said recipe would produce 12 cans of 320 cakes each he knew that said representation was false, and he made the same fraudulently for the purpose of deceiving the plaintiffs, and the plaintiffs relied upon such representation, and were deceived thereby; that the defendant failed to deliver 224 of the cans which he contracted to furnish; that the driver which he furnished failed to locate and check up all of the cans which the defendant contracted to locate and check up and that said business would not earn $15 per day clear.

"When the plaintiffs discovered that the defendants' representations as to the recipe were false, and when the defendant refused to deliver all of the cans which he contracted to deliver, and when he failed to locate and check up all of the cans he contracted to locate and

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

check up, and when plaintiffs ascertained that said business would not earn $15 per day clear by operating the same in the manner which the defendant said to operate it, these plaintiffs immediately called upon the defendant for a rescission, and tendered back to the defendant all of said material and supplies, and requested the return of their money paid and of the obligations executed and delivered to the defendant.

"Premises considered, plaintiffs pray that the defendant be cited to appear and answer this petition that upon final hearing hereof plaintiffs have judgment against the defendant for the sum of $600 and for costs of suit, and for such other and further relief, general or special, legal or equitable, as plaintiffs may show themselves entitled to."

In addition to the above, defendants in error in substance allege that they had entered into a contract with M. E. Stallings, one of the plaintiffs in error, for the purchase of the assets of the Mother Sawyer Cake Company (as listed in said petition) including good will, for an agreed purchase price of $500, of which $50 was paid in cash and a note of $450 was executed for the balance; that the note of $450 was secured by a chattel mortgage upon the property purchased, and further secured by a note. of $200 the property of defendants in error, which was collected and the proceeds retained by plaintiff in error M. E. Stallings. The said M. E. Stallings filed a motion to quash the service of citation because the citation was served upon M. M. Stallings, who was not a party to the suit. This motion is not shown by the record to have been acted upon. Subsequent to the filing of said motion to quash said M. E. Stallings filed a general demurrer and general denial. In this state of the record judgment was rendered in favor of defendant in error on the 16th day of May, 1923, for the sum of $600, and contains the following recital:

"It appearing to the court that the defendant has heretofore answered but failed to appear and further defend this suit, the court proceeded to hear and determine this cause. No jury being demanded, all matters of fact as well as of law were submitted to the court, who, after hearing the testimony of plaintiffs, is of the opinion that plaintiff is entitled to recover the sum of $600 from the defendant."

On August 23, 1923, the original defendant, M. E. Stallings, joined pro forma by her husband, M. M. Stallings, duly perfected an appeal from said judgment by writ of error to this court.

[1-3] Under the view we take of this appeal it is only necessary to discuss one proposition, and that is whether or not the allegations on which of necessity the judgment must have been predicated state a cause of action good on general demurrer. There is nothing in the record to show that the general exception of plaintiffs in error was ruled on by the trial court, and it must be presumed that same was waived. Therefore, unless the petition is so defective as that the rendition of the judgment thereon was fundamental error, this court is precluded from disturbing the judgment, although, if presented, the petition would be subject to the general demurrer for failure to allege some particular fact, or facts, necessary to state a cause of action complete on the face of the petition which cannot be supplied by reasonable intendment or reasonably deduced or inferred from the specific averments therein contained. In other words, if there is no specific allegation as to any particular fact material to the right to maintain the suit, nor allegations in the petition from which such material fact may be reasonably inferred, a general demurrer should be sustained. However, if there is an absence of such specific averment of material facts necessary to state a cause of action, but there are allegations from which such material facts can reasonably be inferred or deduced, the general exception, addressed to the petition on account of such failure to specifically allege such facts that may be thus reasonably assumed to exist from other allegations, should point out specifically such defect. Such is the spirit and intent of the holding in the cases of Northwestern National Ins. Co. v. J. S. Woodward et al., 18 Tex. Civ. App. 496, 45 S. W. 185, and State Banking Board v. Pilcher (Tex. Civ. App.) 256 S. W. 996.

[4] From this it is to be inferred that, although the allegations may be ever so defective in specific statements necessary to disclose a cause of action, yet, if, as a whole, as the result of the combined effect of the specific allegations of fact made and those that can be supplied by reasonable intendment or inference, the allegations in reference thereto may be made sufficient, the pleading would not be subject to general demurrer, although, on account of such defect, it would be to a special exception.

[5] The allegations under review would be necessary and find proper place in a cause of action to rescind a contract for fraud, or in a cause of action for the recovery of damages resulting from fraud by which the making of the contract was induced to the detriment of the complaining party, but are not sufficient to indicate the form of action intended to be instituted. In this attitude of the pleading, even if the necessary facts, which were omitted, could be inferred from the facts specifically alleged, no deduction can be drawn with any degree of accuracy or certainty from the allegations made of the existence of facts not specifically alleged, yet necessary to state either a cause of action for rescission or a cause of action for damages resulting from the fraud alleged to have been perpetrated in the making of the contract. Notably, the cost or value of the 224 cans alleged not to have been delivered,

and the cost or value of the material used in the recipe for the making of cake, the damages due to failure to make up·the quantity of cakes presented, the amount of money that said business would in fact earn per day, clear, or any other fact necessary to be alleged or inferred from facts alleged by which any measure of damages suffered by defendant in error could be ascertained. The nearest approach thereto being found in the prayer for relief, to wit, " * * * that plaintiffs have judgment against the defendant for $600. * * *"

What facts omitted can be inferred from and in aid of the specific facts alleged necessary to show a cause of action on any one of the grounds that the suit could only have been brought?

Viewed in the light of a suit for rescission, the allegations are only to the effect that a certain contract was made upon terms as stated in the petition, which was induced by certain representations, as therein stated to have been made that the representations and the particulars therein alleged were untrue and false, that defendants in error offered to rescind, demanding of plaintiff in error M. E. Stallings, to return the cash paid, to wit, $50, the amount collected on the collateral note, to wit, $200, and to return the note executed for $450, to do which said party refused. It is not specifically alleged or to be ·inferred from any allegation that defendants in error desired to rescind, or that the suit was brought for the purpose of rescinding the contract and to recover as damages the amount that had been received by plaintiffs in error in the transaction as the damages sustained by reason of the fraud upon which the right to rescind is predicated. The judgment rendered excludes the idea that same is based upon the rescission of the contract or that it was intended thereby that the contract should be rescinded so as to restore the status quo of the parties.

The defendants in error, as evidenced by the judgment rendered, determined by the theory on which the case was tried the character of action they intended to bring through the allegations of fact on which they relied for recovery, to wit, that the cause of action was one for the recovery of damages sustained by reason of the fraud alleged, whereby they removed the uncertainty existing in that respect, and are as much bound by such interpretation as if the petition had been correctly and fully drawn with only one count presenting that cause of action.

We therefore conclude that under no theory most favorable to the defendants in error can it be held that the allegations stated a cause of action either for rescission of contract or for damages on account of fraud committed in the making of the contract. Therefore the judgment as rendered is not supported or authorized by the petition upon which same was rendered, and the rendition of same was fundamental error. See Mims v. Mitchell, 1 Tex. 443; Laredo v. Russell, 56 Tex. 398; Milliken v. Smoot, 64 Tex. 173; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Western Union v. Tartar (Tex. Civ. App.) 200 S. W. 559; McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048; Montgomery v. McCaskill (Tex. Civ. App.) 189 S. W. 797.

The other errors complained of we deem unnecessary to pass on, as it is hardly probable that same will again occur on further proceedings had in the court below.

In view·of the fact that it is apparent that defendants in error, by amendment, will be able to allege a cause of action, the cause will not be rendered, but will be remanded for further proceedings in the trial court.

It is therefore ordered that the judgment of the court below be and the same is hereby reversed and the cause remanded.

Reversed and remanded.