**FORT WORTH MUT. BENEV. ASS'N v. JENNINGS et al.** (No. 192.)

(Court of Civil Appeals of Texas. Eastland. May 14, 1926. Rehearing Denied May 14, 1926.)

**1. Appeal and error ⬤⟶917(2).**

Demurrers, not shown by record to have been presented to court or ruled on, are presumed to be waived.

**2. Insurance ⬤⟶629(2)—Pleading substance of insurance policy and its delivery held sufficient against general demurrer for failure to allege acceptance of policy in writing, by insured, as required by policy.**

Pleading insurance policy by setting out its substance, and that it had been delivered, is sufficient against general demurrer that petition did not allege acceptance in writing by insured, as required by the policy.

**3. Pleading ⬤⟶34(7)—In absence of ruling in record on general demurrer, every intendment is in favor of petition, which must affirmatively show no cause of action to be declared insufficient.**

Where record shows no ruling by court on general demurrer, every intendment will be indulged in in favor of petition, from which it must affirmatively appear that no cause of action is stated to be declared insufficient.

**4. Appeal and error ⬤⟶544(1)—Assignments of error for refusal of continuance, not shown by bill of exception or other exception apparent of record, cannot be considered on appeal.**

Assignments of error for refusal to grant continuance on filing of trial amendment by appellee, not supported by bills of exception or any other exception in record, cannot be considered on appeal.

**5. Appeal and error ⬤⟶544(1).**

Assignments of error relating to admissibility of evidence, not supported by bills of exception, cannot be considered on appeal.

**6. Appeal and error ⬤⟶758(2).**

Assignments of error relating to court's charge, but showing no objection to charge, present nothing for review.

**7. Appeal and error ⬤⟶989—In determining whether evidence is sufficient to support verdict, appellate court considers only evidence sustaining verdict.**

In determining whether evidence is sufficient to support verdict, appellate court must reject all evidence contrary to verdict, and consider only evidence sustaining it.

**8. Appeal and error ⬤⟶1001(1)—Where defense to action on policy was suicide, evidence must exclude every other reasonable hypothesis to warrant reversal of recovery by insured.**

Where action on insurance policy, defended on grounds of suicide by insured, depended on circumstantial evidence, rule that only evidence sustaining verdict will be considered on appeal requires that evidence exclude every other reasonable hypothesis except suicide to warrant reversal of recovery by insured.

**9. Insurance ⬤⟶665(6)—Evidence held not to show that only reasonable conclusion was that insured met death by suicide.**

In action on insurance policy, defended on grounds of suicide, evidence *held* not to show that only reasonable conclusion was suicide by insured, but warranted finding that deceased met death by accident.

**10. Insurance ⬤⟶646(6,7)—Presumption of accident arises from proof of death by external violence, and burden is on insurer to prove suicide.**

On proof of death of insured by external violence, presumption follows that it was due to accident, and burden is then on insurer to prove case of suicide.

**11. Contracts ⬤⟶318—Insurance ⬤⟶146(3).**

Forfeitures are not favored, and will not be based on ambiguous provision in insurance contract.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Hugh Jennings and others against the Fort Worth Mutual Benevolent Association. Judgment for plaintiffs, and defendant appeals. Affirmed.

Marvin Roberson and John L. Poulter, both of Fort Worth, for appellant.

Owen & Owen, of Eastland, for appellees.

PANNILL, C. J. Appellees brought this suit against the appellant to recover upon a certificate of insurance issued by appellant. The petition sought to recover the face amount of the policy, and, in the alternative, double the amount of the face of the policy under a stipulation providing for the payment of such double amount where death was caused by accidental means. The defense consisted on the merits of general denial and a plea of suicide. There was a trial to a jury and a special verdict that the deceased did not commit suicide, but met his death as the result of an accident; that the policy was issued to and accepted by the deceased prior

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to his death; and that the appellant waived the provisions requiring the acceptance of the policy in writing by the deceased.

[1] Appellant's first four assignments are directed to the supposed action of the court in overruling exceptions. The record does not disclose any ruling of the court on such demurrers, and there is nothing in the record to show that such demurrers were presented to the court; therefore it is presumed that they were waived. Beadle v. McCrabb et al. (Tex. Civ. App.) 199 S. W. 355; Cotton v. Cooper (Tex. Civ. App.) 160 S. W. 597.

[2, 3] The point raised by the general demurrer is that appellees did not allege that the policy had been accepted in writing by the insured as required by stipulation contained in the policy. Appellees did not attach the policy to their petition as an exhibit, but pleaded it by substance and that it had been delivered. This was sufficient as against a general demurrer. Burlington Insurance Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453; Hartford Fire Ins. Co. v. Watt (Tex. Civ. App.) 39 S. W. 200; N. W. Mut. Life Ins. Co. v. Freeman (Tex. Civ. App.) 47 S. W. 1025; Sov. Camp, W. O. W., v. Little et al. (Tex. Civ. App.) 225 S. W. 574; St. Paul, etc., Co. v. Laster (Tex. Civ. App.) 187 S. W. 969. Where the record does not show any ruling by the court on a general demurrer, not only will every intendment be indulged in favor of the petition, but such petition must affirmatively appear not to have stated any cause of action in order that it may be declared insufficient. Stallings v. Wood (Tex. Civ. App.) 267 S. W. 537.

[4] Assignments from 5 to 9, inclusive, complain of the filing of a trial amendment by appellees and refusal of appellant's continuance based thereon. None of these assignments can be considered because not supported by bills of exception, nor does the exception of appellant to such matters otherwise appear of record. Norton et al. v. Lea et al. (Tex. Civ. App.) 170 S. W. 267.

[5, 6] Assignments 10, 11, 12, and 13 relate to the admissibility of evidence, and are not supported by bills of exception; therefore they cannot be considered. Assignments 14, 15, and 16 are leveled at the court's charge, but no objection to the charge as required by statute appears; therefore nothing is presented for decision by these assignments.

It is doubtful whether appellant's assignments attacking the verdict and judgment as being contrary to the evidence should be considered over appellees' objection that such assignments are too general and multifarious, but we have resolved the doubt in appellant's favor and have examined the evidence.

The evidence is uncontradicted that insured's death was caused by external violence. He had been sick, and a doctor was called to see him about 6 o'clock a. m. Later in the day deceased dressed and went to the barn, where about noon his body was found by his father. The father was not called as a witness. His statements were introduced to the effect that he found deceased hanging on a baling wire, which wire was looped around a rafter. The manner in which deceased was hanging was not shown, except that there were abrasions on his face, and his neck was broken. A baling wire with blood on it was found on the ground by the witnesses called. The rafter was about six feet from the floor. A box was found near deceased's feet. It was in evidence said box was there prior to the tragedy, and was so situated that one entering the barn as deceased did would step on or over said box, and that baling wire was looped over the rafter. Appellant introduced evidence to the effect that the baling wire was around deceased's neck at the time of the inquest, but this was sharply controverted. No threat by deceased to take his life was shown, nor was any compelling motive for such an act in evidence.

[7] In determining whether the evidence is sufficient, an appellate court must reject all the evidence contrary to the verdict and consider only evidence sustaining it. W. T. Rawleigh Co. v. Smith (Tex. Civ. App.) 231 S. W. 799.

[8, 9] The case depending on circumstantial evidence, the application of the rule referred to would call for a determination that the evidence excludes every other reasonable hypothesis than that the case was one of suicide. That such a conclusion cannot be reached is obvious. The jury may have concluded that deceased stepped on or stumbled over said box, thereby causing him to fall and violently strike his head on the wire, dislocating his neck.

[10] When appellees proved that the death of the insured was caused by external violence, the presumption followed that it was due to an accident. The burden was then upon appellant to prove that the case was one of suicide. Although appellant's testimony fairly raised the issue, it is concluded that the jury acted well within their province in finding from the testimony introduced in this case that the deceased met his death as the result of an accident.

The certificate contained the following: "Important Notice: This certificate is not valid until countersigned in ink by the person in whose name it is written." Appellant urges that the failure of the insured to comply with this provision avoids the insurance. Failure to comply with this provision was pleaded by appellant. Appellees pleaded a waiver of this provision, which plea of waiver was sustained by the verdict.

[11] It is believed the evidence is sufficient to sustain the verdict. It is doubtful whether the provision should be construed as claimed by appellant. If the provision should be construed literally, the requirement as to countersigning relates to the act of the association, and obviously such a provision would be

for its benefit. Forfeitures are not favored, and will not be based on ambiguous provisions in a contract. Sovereign Camp, W. O. W., v. Akins (Tex. Civ. App.) 219 S. W. 492.

If the evidence is considered, it shows that compliance with the quoted provisions was not generally required; that the fact of the failure of deceased to sign was called to the attention of appellant's general agent a short time after the controversy arose, and no suggestion was then made that the failure referred to avoided the policy. No tender of the premium was then or thereafter made. Fort Worth Mut. Benev. Ass'n of Texas v. Miller (Tex. Civ. App.) 280 S. W. 338.

Finding no reversible error, the judgment is affirmed.