## LIGHTSEY BLACK & WHITE CAB CORPORATION v. LITTLEFIELD.

### No. 12641.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 27, 1932.

Rehearing Denied March 19, 1932.

Chas. T. Rowland, of Fort Worth, for appellant.

Baskin, Eastus & Greines, of Fort Worth, for appellee.

BUCK, J.

While L. L. Littlefield, a negro, was en route to his home in the southeast part of the city of Fort Worth, riding a street car and going out Evans avenue in a southerly

direction, the street car stopped at and near the corner of Evans avenue and Myrtle street to let him off. The plaintiff, in a suit against the Lightsey Black & White Cab Corporation, pleaded that while he was in the act of alighting from said street car he was suddenly and without warning struck by a motor vehicle being driven and operated by the defendant, its agents, servants, and employees, and was seriously and permanently mangled and injured. That there was no safety zone established at or near the corner of Evans avenue and Myrtle street, and that defendant, its agents, servants and employees in charge of and operating said motor vehicle at the time and place in question was guilty of negligence in operating said motor vehicle at a high and excessive rate of speed, which negligence was the proximate cause of the injuries and damages sustained by the plaintiff. That the defendant was guilty of negligence in operating the same at the rate of speed the same was being operated, and, under the circumstances and conditions surrounding and attending the operation of said motor vehicle, which was the proximate cause of the injuries and damages sustained by the plaintiff. That the defendant was guilty of negligence in failing to stop said motor vehicle while said street car was discharging its passengers, in violation of Ordinance 421 of the city of Fort Worth, reading as follows: "All vehicles must not pass street cars when stopped to take on or discharge passengers, except where safety zones are established, when reasonable care must be exercised."

Plaintiff alleged that the defendant disobeyed and disregarded this ordinance, and was guilty of negligence in doing so.

Plaintiff alleged that the defendant was guilty of negligence in not having its motor vehicle in proper condition and repair, and in not having the brakes and other parts of said motor vehicle in such proper condition and repair so that same could be stopped within a reasonable time and distance by the use of means reasonably at the command of said defendant.

Plaintiff further alleged that he had been injured by being hit by a cab operated by an agent of defendant, and his right arm was broken, his right cheek bone was broken, three of his upper front teeth were knocked out, and one of his upper front teeth was broken; his left leg was crushed, cut, and bruised, his lower lip was cut and bruised, his right jaw was cut and bruised in the portion thereof below the eye, his chest was crushed and injured, and he received a severe blow on and about his head, and other parts and portions of his body, and the members thereof were cut, strained, sprained, and injured.

Plaintiff asked damages in the sum of $20,-000, alleging that he was permanently injured and suffered great physical and mental anguish, and that he had been forced to incur medical treatment at an expense of $300.

Defendant answered by a general demurrer and a general denial, and specially pleaded that, if the plaintiff was injured at the time and place alleged in his petition, immediately prior to the accident, if any, plaintiff was a passenger on a street car of the Northern Texas Traction Company traveling in a southerly direction on Evans avenue, and it was a well-known and recognized custom for all passengers on said street cars in leaving the same to alight from the rear end of said car; but that plaintiff, disregarding the custom of alighting at the time of the accident, if any, instead of alighting from the rear of said street car, negligently and carelessly and through his own contributory negligence alighted from the front end or southern end of the street car in disregard of the custom for discharging passengers, and without keeping a proper lookout for motor vehicles passing in and along the right-hand side of Evans avenue.

The cause was tried before a jury, and the trial court defined negligence, ordinary care, and proximate cause. The jury answered the following special issues:

"(1) Was the driver of the automobile which struck the plaintiff operating the same at a negligent rate of speed? (In answering this question the jury were instructed that it was to be answered without reference to the criminal speed laws, and was to be tested by the definition of ordinary care as given.) Answer: Yes.

"(2) Was such speed a proximate cause of the plaintiff being struck? Answer: Yes.

"(3) Was the operator of the car which struck the plaintiff attempting to drive the same past the street car when stopped to take on or discharge passengers? Answer: Yes.

"(4) Was such attempt inquired about in No. 3, if any you have found, negligence? Answer: Yes.

"(5) Was such negligence, if any, a proximate cause of the plaintiff being struck by the automobile? Answer: Yes.

"(6) Did the driver of the automobile sound a suitable warning as he approached the place where his automobile struck the plaintiff? Answer: No.

"(7) Was such failure negligence? Answer: Yes.

"(8) Was such negligence, if any you have found in No. 7, a proximate cause of the plaintiff being struck by the automobile? Answer: Yes.

"(9) Was the driver of the car that struck the plaintiff using ordinary care as he ap-

proached the place where the plaintiff was struck, to keep a lookout for passengers alighting from the street car? Answer: No.

"(10) Was such failure, if any you have found in No. 9 a proximate cause of the plaintiff being struck by the automobile? Answer: Yes.

"(11) Did the injury to the plaintiff occur without any negligence on the part of either the plaintiff or the driver of the cab? Answer: No.

"(12) As the plaintiff alighted from the street car, was he using ordinary care to keep a lookout for automobiles approaching from the north? Answer: Yes.

"(14) What sum, if paid now in cash, will fairly and reasonably compensate the plaintiff for the injuries, if any he sustained, of which his being struck by the automobile on the occasion in question was the proximate cause, if any? Answer: $15,000.00.

"(15) Do you find from the evidence that plaintiff after alighting from the street car started west to the corner of Evans Avenue and Myrtle Street and then changed his course back toward the street car from which he had just alighted? Answer: No.

"(18) After Meek discovered the position of apparent peril of plaintiff, did he use ordinary care to use all the means at his command consistent with his own safety to avoid striking the plaintiff? Answer: No.

"(19) Was such failure, if any you have found in the last question, a proximate cause of the accident to plaintiff? Answer: Yes."

Upon this verdict so rendered, the court entered judgment for plaintiff and against the defendant corporation for $15,000.

Upon a motion for rehearing, the trial court required, as a condition for overruling the same, that the plaintiff remit $7,500 of the amount awarded by the jury's verdict, and then rendered judgment against the defendant for $7,500. From this judgment, the defendant has appealed.

## Opinion.

■ The defendant by its first assignment urges that the trial court erred in not sustaining the defendant's general demurrer, because the petition nowhere alleges the defendant's servants, agents, and employees were acting in their scope of duty or employment, and in furtherance of the defendant's business in the operation of the taxi-automobile and at the time of the alleged accident. It does not appear that the trial court was called upon to rule on the question of general demurrer, although there is in the statement of facts an order of the court overruling defendant's general demurrer, but counsel both agree that said order should not be in the record, but is an order of a former trial of the case. Therefore, since the court was not called upon to rule on the question of a general demurrer, such demurrer must be presumed to have been waived by the defendant.

In Dowlin v. Boyd, 291 S. W. 1097, by the Commission of Appeals, it is said: "While the answer of the defendants in error embraced a general demurrer, it (the demurrer) was not presented to the trial judge, and no action was taken thereon. Such being the situation with reference to the general demurrer, the general rule is that appellate courts treat the matter as having been waived, unless the general demurrer presents a question of fundamental error, as, for instance, that the error is of such nature as that it could not be cured by an amendment."

See, also, Stallings v. Wood, 267 S. W. 538, by the Dallas Court of Civil Appeals; Hall v. Williams, 267 S. W. 520, by the Waco Court of Civil Appeals; Fort Worth Mutual Benev. Ass'n v. Jennings, 283 S. W. 910, by the Eastland Court of Civil Appeals, and other cases to the effect that, where the general demurrer has not been presented to the court for ruling, and no ruling has been had thereon, it is presumed that such general demurrer is overruled.

The second proposition complains of the ruling of the trial court with reference to the interrogation of Dave Erwin. Appellant cites no authorities to support said assignment; and moreover, Charles Meek, testifying for the defendant, was asked if he was in the employment of the defendant corporation at the time the accident happened, to which inquiry objection was lodged in the second assignment. Therefore we feel that the second assignment should be overruled.

■ While Miss Helen Shepherd, witness for plaintiff, was on the stand, she was asked: "Can you approximately judge the speed of automobiles as they pass by?" Objection was made to the question, and the court overruled the objection on the ground that it was a qualifying question. There was no objection to the question asking the witness to tell the jury what rate of speed the automobile was making at the time it passed the street car, to which she answered, 40 miles an hour.

In Humphries v. Louisiana Ry. & Irr. Co., 291 S. W. 1094, by the Commission of Appeals, approved by the Supreme Court, it is said: "Opinion evidence as to speed is admissible because, from the very nature of the subject, no better evidence can be obtained. * * * No special qualification is necessary to equip a witness to testify other than every-day experiences."

The assignment is overruled.

■ The fourth assignment assails the decision of the court in overruling defendant's objections to certain testimony of plaintiff's witness, Joe Lalla. He testified that he was traveling north on Evans avenue in a Ford

truck, about one-half block south of the intersection of Evans avenue and Myrtle street at the time of the accident. That the plaintiff got off the front end of the street car, and that another negro got off of the rear end. He was asked as to the latter negro: "What did he do?" To which he answered: "Well, he got out of the way mighty quick." Objection was made to said answer as not being responsive, but we see no error in this ruling, and the assignment is overruled.

The court defined "proximate cause" as follows: "Proximate cause is that cause which in a natural, continuous and unbroken sequence produces an event, and without which that event would not have occurred, and to be the proximate cause of an event it must have been such that a person of ordinary prudence would have reasonably foreseen that the injury or a similar injury would have occurred. There may be more than one proximate cause."

We think that the charge as given is sustained by the courts generally.

The eighth assignment complains of the giving by the trial court of special issue No. 6, which is, "Did the driver of the automobile sound a suitable warning as he approached the place where his automobile struck the plaintiff?" because the same is misleading and confusing and does not properly define what is meant by "sound a suitable warning." We overrule the assignment. See Westchester Fire Ins. Co. v. Dickey, 246 S. W. 730, by the El Paso Court of Civil Appeals, where the court overruled an objection to the failure of the trial court to define the term "substantially," holding that it was not a legal term as contemplated by Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

The tenth assignment complains of the verdict of the jury in awarding and assessing damages in the sum of $15,000 as grossly excessive. Judgment was rendered for $7,500, and we think under the circumstances that such award should not be held excessive, as the negro was a young man, engaged as a cook in a restaurant, and the doctors testified that he was in all probability permanently injured. In City of Beaumont v. Kane, 33 S. W.(2d) 235, by the Beaumont Court of Civil Appeals, it was held that a verdict of $11,500 for injuries to a hand and nose was not excessive. In the case of San Antonio & A. P. Ry. Co. v. Mason (Tex. Civ. App.) 289 S. W. 1027, it was held that a verdict of $5,000 to a baggage porter for the loss of a third finger on the left hand, and the pain and suffering incident thereto, was not excessive. See, also, St. L. S. W. Ry. Co. v. Gillenwater (Tex. Civ. App.) 284 S. W. 268; St. L. S. W. Ry. Co. v. Lewis (Tex. Civ. App.) 297 S. W. 896; St. L. S. W. Ry. Co. v. Braziel (Tex. Civ. App.) 30 S.W.(2d) 652.

All assignments of error are overruled, and the judgment is affirmed.

## On Appellant's Motion for Rehearing.

We conclude that this court correctly held that the general demurrer of the appellant, who was the defendant in the trial court, was not presented to the court and no action taken thereon; therefore, even though the petition was subject to a general demurrer, which we doubt, the same is waived. This ruling is clearly stated by the Commission of Appeals in Dowlin v. Boyd, 291 S. W. 1097. See Hall v. Williams (Tex. Civ. App.) 267 S. W. 520; Fort Worth Mutual Benevolent Ass'n v. Jennings (Tex. Civ. App.) 283 S. W. 910; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 271; Gray v. Powell (Tex. Civ. App.) 282 S. W. 631, and Maunders v. Hanks (Tex. Civ. App.) 278 S. W. 508.

It will be noted that the petition specifically alleges that the automobile in question was being driven and operated by the defendant, its agents, servants, and employees. It will be further noted that each and every act of negligence alleged in said petition recites that the defendant, its agents, servants, and employees were guilty of the negligent acts alleged. We are of the opinion that the cases of Gause-Ware Funeral Home v. McGinley (Tex. Civ. App.) 41 S.W.(2d) 433, and Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168, urged by appellant, are not analogous to the case at bar. In the Gause-Ware Case, it will be noted that the petition specifically alleges that the automobile was driven by one Martin, whom the evidence disclosed was the agent of the defendant, Gause-Ware Funeral Home. In such case, it was necessary to allege that the automobile was driven by said Martin, and to further allege that at the time and place he was engaged in the course of his employment. It will be further noted that the evidence sustains the allegations, as is shown by the testimony of D. E. Erwin, to the effect that the automobile in question was owned by the defendant, and that the operator of the automobile was then employed by the defendant corporation. To the same effect is the testimony of the witness Eugene Meek, to the effect that he was employed by the defendant corporation as a taxi driver; that the automobile belonged to the defendant; and at the time of the accident he had a call and was then employed by the defendant. These facts are consistent with the allegations in the plaintiff's petition, and the cause of action is fully alleged and proven. Such is the holding of the Dallas Court of Civil Appeals in Lang Floral & Nursery Co. v. Sheridan, 245 S. W. 467, 473, where it is said: "These authorities in effect support the proposition that when a defendant's ownership of an automobile is proved in connection with proof

establishing that injuries resulted from its being negligently driven by a servant of the defendant, a prima facie case is established, and that the burden is upon the defendant to prove that the servant was not acting within the scope of his employment when he negligently inflicted the injuries."

The appellant cites the case of Webb-North Motor Co. v. Ross (Tex. Civ. App.) 42 S.W. (2d) 1086, 1087, and Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371, on the admissibility of Dave Erwin's testimony. We do not think that either of these two cases is contrary to anything we have said in our original opinion, or what we have said on appellant's motion for rehearing.

In the first case cited the principally contested issue was whether Wages, the driver of the car, was at the time of the collision engaged in his employer's business or upon a private mission of his own, and the leading assignments of error complain of the admission of Wages' statement in this regard; one made to appellee shortly after the collision, and the other made to Mr. Webb, vice president of appellant, a day or two later. Appellant was engaged in selling new and used cars, and had a branch establishment at Dublin, Tex., which was in charge of Wages. The collision occurred about 9:30 o'clock on Sunday night, December 29, 1928, about nine miles east of Brownwood, on the highway extending from Brownwood through Dublin to Stephenville. The bus was traveling west to Brownwood, and the Buick car was traveling in the opposite direction. After the accident, Wages was in a dazed or stunned condition, and while he was being driven into Brownwood he made the statement objected to in the assignment. It is there stated that:

"Neither agency, the authority of the agent, nor the fact that he was acting within the scope of his employment can be proved by the declarations of the agent. Nor are such declarations admissible as primary evidence of the facts they detail.

"There is a line of authority, however, to the effect that where the agency is otherwise proved prima facie, and the declarations are made in connection with the transaction for which the principal is sought to be held or as a part of the res gestæ, they will be admitted as primary corroborating proof. [Citing cases.]

"The authorities upon this subject are by no means uniform. In reason and upon respectable authority we think the rule, in any event, should be limited to those cases in which the declarations of the agent are, by evidence aliunde, brought within the general rule that to be admissible they must have been made in a transaction in which the agent is shown to have had authority to bind his principal in the matter of the declarations themselves. This would limit the rule to cases in which the declarations were made in the course of and were pertinent to the business of the principal which the agent was transacting; which limitation would probably confine the application of the rule to matters of contract."

■ But in the instant case, Dave Erwin was the manager, the alter ego, of the defendant corporation. His testimony would be admissible to prove facts establishing the contention that the driver of the automobile was in fact employed by the corporation, and was acting in the course of his employment when the accident occurred. We do not think that the cited cases are in conflict with our holding in the instant case.

The motion for rehearing is overruled.