# F. LEROY BROADDUS V. BOYCE LONG.

No. 7563.  Decided April 17, 1940.
Rehearing overruled November 6, 1940.
(138 S. W., 2nd Series, 1057.)

*E. T. Miller,* of Amarillo, and *Touchstone, Wight, Gormley, Strasburger & Price,* of Dallas, for plaintiff in error.

Where the evidence conclusively shows that the driver of the taxicab which collided with plaintiff was operating said cab without the knowledge or consent of his employer, at night, after he had finished his day's work, and was operating said cab as a personal favor to a fellow employee, who was otherwise engaged in his personal affairs, and where the collision occurred while said driver was going to a telephone to enquire of his fellow employee if he should bring the cab in, said driver was not in the course of his employment for the defendant and the trial court should have instructed a verdict in behalf of said defendant. Christensen v. Christiansen, 155 S. W. 995; Houston News Co. v. Shavers, 64 S. W. (2d) 384; Crabb v. Zanes Freight Agency, 123 S. W. (2d) 752.

The trial court committed error in refusing to define the term mission in the issue as to whether the employee was engaged in a "mission" for the defendant. Robertson v. Holden, 1 S. W. (2d) 570; Dallas Ry. & Ter. Co. v. Bankston, 51 S. W. (2d) 304; Missouri, K. & T. Ry. Co. v. Salsman, 58 S. W. (2d) 1026.

*R. E. Underwood, Jr., James G. Lumpkin* and *A. A. Lumpkin,* all of Amarillo, for defendant in error.

Where a regular employee of a taxicab company is driving his master's car in furtherance of his master's business, and where the master reaps the benefit of such driving, the master is liable for the negligent acts of such driver if same were the proximate cause of the injury. Chicago, R. I. & G. Ry. Co. v. Harris, 119 Texas, 65, 24 S. W. (2d) 385; George Mach. Co. v. Stark, 123 Texas 529, 73 S. W. (2d) 519; Texas-La. P. Co. v. Webster, 127 Texas 126, 91 S. W. (2d) 302.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Potter County, Texas, by Boyce Long against F. Leroy Broaddus to recover damages for personal injuries received by Long as the result of a collision between a motorcycle driven by Long and a taxicab owned by Broaddus, and driven by one Charles Shelly. The case was finally tried in the district court, where it was submitted to a jury on special issues. So far as pertinent to this opinion, the jury found:

1. That, at the time of the collision, Charles Shelly was

operating the taxicab which collided with Long's motorcycle, on a mission for and on behalf of Broaddus.

2. That Charles Shelly was negligent in the way he operated such taxicab.

3. That such negligence was the proximate cause of Long's injuries.

4. That the collision was not the result of an unavoidable accident.

5. That Long was not guilty of contributory negligence.

6. That Long's damages amounted to $3,999.15.

Based on the above verdict, the district court entered a judgment for Long, and against Broaddus, for the amount above indicated. This judgment was affirmed by the Court of Civil Appeals. 125 S. W. (2d) 340. Broaddus brings error.

By proper assignments, Broaddus contends that under the undisputed evidence contained in this record, the trial court committed error in not giving his requested charge to the jury instructing a verdict in his favor; and that the Court of Civil Appeals erred in its ruling that the district court did not err in refusing such instruction. This contention is based on the further contention that, under the undisputed evidence in this record, Shelly was not acting in the course of his employment as a servant or employee of Broaddus at the time of this accident.

On behalf of Long, the evidence contained in this record shows the following facts: That Broaddus at the time of this accident owned and operated a taxicab business in the city of Amarillo; that he employed eleven cabs and twenty-one drivers in the operation of such business; that such business was conducted from a certain premises in the city; that such business was in operation at all hours during the day and night; that a telephone operator and checker was kept on duty at all times at such place of business; that the duties of such operator and checker were to receive calls, designate cabs to fill such calls, and settle each day with the cab drivers, who worked on a percentage basis; that the cab involved in this collision belonged to Broaddus, and was one of those operated by him in his taxicab business; that, at the time of the collision, the cab was being operated by Charles Shelly; that Shelly was one of Broaddus' cab drivers regularly employed as such; that shortly before this collision, Shelly had driven a passenger to a certain point in the city, and on his return had picked up another passenger, and that, at the time of this collision, Shelly was turning to stop at a telephone to call Broaddus' place of business to find

out if the person in charge was ready for him to bring the cab in.

To our minds, the Court of Civil Appeals was correct in holding that the above evidence was sufficient, in law, to support a fact finding that, at the time of this collision, Shelly was acting within the scope or course of his employment as a servant or employee of Broaddus. In other words, we think that the above evidence is sufficient, in law, to establish prima facie the fact just mentioned. In this connection, we think it is the law as applied to this case, that Long having proved Broaddus' ownership of this cab; that his servant negligently operated it at the time of this collision; and that such negligence was the proximate cause of his injuries, he proved a prima facie case against Broaddus. We think further that, for Broaddus to escape liability under the above facts, he must prove that the servant was not acting within the scope of his employment at the time of such collision. Studebaker Co. v. Kitts, 152 S. W. 464; Mrs. Baird's Bakery v. Davis, 54 S. W. (2d) 1031; Lightsey Black & White Cab Corp. v. Littlefield (Ct. Civ. App., writ refused), 48 S. W. (2d) 766; Houston News Co. v. Shaver, 64 S. W. (2d) 384; 5 Amer. Jur., p. 842, sec. 612. We approve the rule as stated in 5 American Jurisprudence, supra. Such rule is as follows:

"Again, if it is proved that the automobile in question was owned by defendant, and further proved that the driver was in the employment of defendant, a presumption then arises that such driver was within the scope of his employment when the accident occurred. The burden of proof is then placed on the defendant to prove that at the time of the accident the driver was not acting for him, but was using the machine for his own purposes, or outside the scope of the employment."

Broaddus contends that the evidence contained in this record shows, as a matter of law, that Charles Shelly was not acting within the scope of his employment as his (Broaddus') servant or employee at the time of this accident. This contention is based upon the further contention that the following facts are conclusively proved: That at the time of this accident Charles Shelly had been working for Broaddus a little more than a month; that Shelly was employed to drive cab No. 87 from 6:30 in the morning until 6:30 in the evening; that on the evening of August 5, 1937, the date of this accident, Shelly operated his cab No. 87 until 6:30 in the evening, as he was employed to do; that on the evening of August 5, 1937, Shelly returned the cab he was driving, and employed to drive, to

Broaddus' place of business, and checked out for the day to one Dale Mason, who represented Broaddus at his place of business as telephone man and checker; that at the time of this collision Broaddus had in his employment another cab driver, named Tommie Malone, who was employed to drive cab No. 77 from 6:30 in the evining until 6:30 in the morning; that on the afternoon of the date of this collision Malone requested Shelly to drive his (Malone's) cab No. 77 some thirty or forty minutes while Malone was moving from one hotel to another in the city; that Shelly agreed to accommodate Malone, as requested; that after Shelly had checked in the cab he was employed to drive, being cab No. 87, at 6:30 in the afternoon on the date of this accident, he met a customer out in front of the cab lot; that in compliance with his agreement with Malone, Shelly took cab No. 77, which Malone was hired to drive, and drove .such customer to his desired destination; that while returning from such destination, Shelly picked up another customer and delivered him to his destination; that after delivering such last-mentioned customer, Shelly was preparing to turn in to a place where there was a telephone, to get instructions from Broaddus' place of business, when this collision occurred. Broaddus further contends that the evidence contained in this record conclusively shows that in driving this cab at the time of this collision, Shelly acted without authority from him or his agent in charge of his place of business, and without their knowledge or consent.

Simply stated, Broaddus contends that the facts above detailed show that at the time of this collision Shelly was driving this cab as an accommodation for Malone, and for Malone's benefit, and not as his (Broaddus') servant or employee. Stated in another way, Broaddus contends that since Shelly was not employed to drive this cab, and was not even employed to drive at all at the time of this collision, and since Shelly operated this cab without his (Broaddus') knowledge or consent, and without the knowledge or consent of his (Broaddus') agent in charge of his business, and since Shelly operated this cab against his (Broaddus') express instructions, and since Shelly operated this cab solely to accommodate Malone, who was employed to drive the same, Shelly, in operating this cab, was not his (Broaddus') employee or servant; but was in the same position in that regard as a complete outsider, not in his (Broaddus') employment at all, would have been had Malone induced or employed such outsider to drive this cab at the time of this collision, under the same circumstances that he induced or employed Shelly to do so. We have carefully examined

this record in regard to the testimony therein contained, touching the question as to whether or not Shelly was acting within the scope of his employment at the time of this collision, and in our opinion, even to admit that such evidence, if believed by the jury, would constitute a complete defense for Broaddus in this action—a question we do not decide—still, we do not think that such evidence comes from witnesses whom, under the circumstances of this record, the jury was bound to believe.

■ Issue No. 1 propounded to the jury by the trial court reads as follows:

"Do you find from a preponderance of the evidence that Charles Shelly, at the time of the collision in question, was operating the taxicab in question on a mission for and in behalf of the defendant, F. Leroy Broaddus?"

As already indicated, the jury answered the above question, "Yes."

Broaddus filed the following exception to such issue:

"Defendant excepts and objects to special issue No. 1, because there is used in said issue the word 'mission,' which is a legal and technical term requiring definition and explanation for the benefit of the jury, and no where in said issue, or in the court's charge elsewhere, is the jury instructed as to the meaning of the word 'mission.'"

A reading of the above exception will demonstrate that it merely excepts to the above issue, and to the charge as a whole, because it does not define the word "mission" used in such issue. In order to render the master liable for the act of his servant, such act must be committed within the scope of the general authority of the servant, in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. In the argument contained in the application for the writ of error, counsel for Broaddus contend that the term "mission" embraced the question of scope of employment, and it seems to be on that ground that they contend that the term should have been defined. To our minds, the term "mission" has reference to the master's business, or the accomplishment of the object of the servant's employment. It certainly has no remote reference to scope of employment. By asking the jury if Shelly was operating this taxicab on a mission for and in behalf of Broaddus, the court, in effect, asked if Shelly was operating such taxicab in furtherance of Broaddus' business, or for Broaddus' benefit. The question does not

submit the issue of scope of employment, and a mere exception that "mission" was not defined, was not sufficient to amount to a request that such issue be submitted.

The judgments of the district court and the Court of Civil Appeals are both affirmed.

Opinion delivered April 17, 1940.

Rehearing overruled November 6, 1940.