## PYLE v. PHILLIPS.
### No. 13224.

Court of Civil Appeals of Texas. Dallas.

Sept. 18, 1942.

Lively, Dougherty & Alexander, of Dallas, for appellant.

M. E. Kramer and Charlie T. Davis, both of Dallas, for appellee.

YOUNG, Justice.

Appellee, as plaintiff, brought this suit for personal and automobile damages, alleged to have been sustained on August 9, 1938, as result of a collision between his car and a truck owned by appellant, being driven at the time by Goodman, an employe. Upon conclusion of the testimony, defendant moved for peremptory instruction on the ground that, from undisputed evidence, the truck driver (Goodman) was not shown to have been acting within the scope of his employment; was not using the vehicle in the furtherance of defendant's business, or in the accomplishment of any purpose for which he was employed. Similar objections were made to the court's charge and in later motion for judgment after verdict; but such objections and motions were duly overruled.

Jury findings reflect the issues raised by trial petition and answer, and, in substance, are that (1) at the time of the collision, B. H. Goodman was operating said truck in the course of his employment, as an employe of defendant Pyle, which was negligence and a proximate cause of plaintiff's injuries; (2) plaintiff Phillips did not fail to use ordinary care in the operation of his own car at the time and on the occasion in question; (3) the reasonable cash market value of plaintiff's car immediately before the collision was $125, and nothing thereafter; (4) damages suffered by plaintiff in personal injuries were assessed at $223. Final judgment was rendered thereon against defendant for $348, and is the subject of this appeal.

It is appellant's reiterated contention that no liability is shown by the uncontroverted proof; thus requiring an analysis of salient testimony. The accident occurred at Knight and Bowen Streets, North Dallas; and defendant's place of business—a metal roofing shop—was a considerable distance to the south or southwest on North Harwood Street. On the evening before, B. H. Goodman, an employe at defendant's plant, had used the truck to ride home; and before work hours the next morning, was driving it to Sears-Roebuck's store on Oak Lawn Avenue (as he says) to pay a bill when the collision occurred. The truck had the name of defendant's business printed on its sides; and plaintiff testified that while at the scene of the wreck, Goodman told him: "I am on my way to the tin shop and you just follow me on in * * * There is the sign."

Plaintiff's case consisted of testimony from defendant Pyle and T. O. Pope, a police officer, additional to his own. Thus called, defendant testified that Goodman had worked for him off and on since about 1928; remaining in his employ until shortly after the accident; at time of trial, being connected with another concern; that he had, at times, let some of his employes operate the truck, but that at the particular time, neither he nor Mrs. Pyle had given any permission for Goodman to use it as he did; further, that from what Goodman told him (defendant), said employe, on

the morning of the collision, was on his way to an Oak Lawn store to pay a personal bill. Upon cross examination, defendant said he was absent from the shop the preceding day and knew nothing about Goodman taking the truck, which was customarily stored overnight at an adjacent garage; that he never authorized the use of the car by Goodman to pay the latter's personal bills; that Goodman had been doing no work the day before that involved operation of the truck; the driving of same being assigned to another man; and that all defendant knew about the particular use of the vehicle was afterward, as reported to him by Goodman. As a witness in his own behalf, Mr. Pyle testified that, from his records, all work done by Goodman the day before the accident was inside the shop, though on the day of the accident the latter was partly engaged on an outside job, with Richard Boyd, an apprentice worker, driving said truck. Goodman, as a defense witness, generally corroborated the statements of defendant Pyle; his testimony being in effect that the collision occurred before he went to work, with no permission from anyone to drive the truck, which he had used the evening before because he did not want to walk home; that outside work was always at the direction of defendant, the other workman, Boyd, usually driving the truck. His further testimony was that he did not continue to Sears-Roebuck's to pay some bills as he had intended, because, becoming alarmed over the accident situation, he went directly to the shop and reported it. Goodman's employment was by the hour.

■ This record reflects a full disclosure by witnesses for both parties of the true facts concerning Goodman's movements on the occasion in question, whether authorized, or within the scope of a present employment; thus dispelling the familiar presumption of liability arising from mere proof of operation by an employe of his employer's vehicle. Such full disclosure conclusively repelling the presumption that Goodman was on business for defendant at the time of the collision, the burden of producing further evidence was shifted to plaintiff, or his cause must fail. In Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, 386, where the identical procedural rule was involved, Judge Alexander, for the Waco Court, said: "In this case the defendants made a clean and clear disclosure of all of the evidence apparently within their possession. All those who presumably would know the facts were introduced as witnesses. All of the evidence so introduced was positive to the effect that the servant at the time of the collision was engaged in a mission purely his own. The burden of proof was upon the plaintiff and she was not entitled to recover without producing some evidence tending to establish a state of facts under which the defendants would be liable. We think the evidence wholly insufficient to support the verdict of the jury and that the court should have given an instructed verdict for the defendants." See, also, Crabb v. Zanes Freight Agency, Tex.Civ.App., 123 S.W.2d 752; Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763; Alfano v. International Harvester Co. of America, Tex.Civ.App., 121 S.W.2d 466.

■ Under the whole record, appellee's conversation with Goodman at the time of the wreck (already quoted) raises no more than a surmise that the latter, at the time of the accident, was acting within the scope of his employment; and evidence, when so weak as to raise only a surmise or suspicion of the existence of a fact necessary to be proven, is insufficient to warrant submission of the issue to a jury. Langford v. El Paso Baking Co., Tex.Civ.App., 1 S.W.2d 476. Moreover, the inference of agency from Goodman's alleged statement that he was on his way to the shop was hearsay, and of no probative value as res gestae. Lewis v. J. P. Wood Transfer Co., Tex.Civ.App., 119 S.W.2d 106.

■ Appellee strenuously contends that his prima facie case was not conclusively rebutted, the defensive testimony being such as the jury had a right to disbelieve, citing Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057. In this connection, Goodman, the truck driver, was a disinterested witness, considering his status as an employe of appellant at time of trial; hence his testimony could not be completely disregarded. And appellee's presumptive proof being nullified by the full effect of defensive testimony, there remained in the evidence no fact, circumstance or presumption tending to support a finding that Goodman was on any mission for defendant at the time. Such being true, a directed verdict for defendant should have been given. Hudson v. Ernest Allen Motor Co., Tex.Civ.App., 115 S.W.2d 1167. In the Supreme Court appeal of Broaddus v.

Long, supra, the defense testimony was inherently contradictory; as well as being susceptible of inference that the driver's mission was authorized.

Consistent with the conclusions above reached, the judgment below is reversed and here rendered for appellant R. M. Pyle.

Reversed and rendered.