## BOYDSTON v. JONES.
### No. 5586.

Court of Civil Appeals of Texas. Amarillo.

Jan. 21, 1944.

cover damages for injury to his truck resulting from a collision which occurred on April 20, 1943, between the truck owned and operated by appellee and a truck owned by appellant Boydston and being driven by Redman. Redman filed no answer and did not appear, but appellant answered by special demurrer, a general denial, and specially denied that Redman was his servant, agent, or employe, or that he was in any manner responsible for the acts, conduct; or negligence of Redman at the time the collision occurred. At the close of the testimony appellant presented and urged a motion for an instructed verdict, which was overruled by the court and the case was submitted to a jury upon special issues in answer to which the jury found that Redman was guilty of negligence in a number of particulars and exonerated appellee from any act of contributory negligence. In accordance with the findings of the jury, the court entered judgment against appellant and Redman for the sum of $550.60, from which appellant Boydston alone has prosecuted an appeal to this court, and presents the case here upon the single proposition that the court erred in overruling his motion for an instructed verdict.

The evidence reveals without contradiction that the truck being driven by Redman when the collision occurred belonged to appellant and that Redman was using it to haul gravel for Flurry McDaniel who was engaged in the construction of an airport near Childress. Redman did not appeal from the judgment and no question is raised as to the sufficiency of the evidence to support the verdict of the jury upon the questions of negligence in so far as he is concerned. Appellant admitted he owned the truck, but contended in the trial court, and contends here, that he had merely permitted Redman to use it in order to assist Redman in making a living for his family. Appellee asserts that when he proved, and appellant admitted, that appellant owned the truck, the presumption arose that Redman, who was driving it when the collision occurred, was the agent or employe of appellant and was acting within the scope of his duties at the time. He admits that this is a mere presumption and may be overcome by proper testimony but he contends that the testimony offered by appellant was not sufficient to overcome it.

J. Ross Bell, of Childress, for appellant.

Mahan & Broughton, of Childress, for appellee.

STOKES, Justice.

This action was instituted by the appellee, J. U. Jones, against the appellant, C. B. Boydston, and one Arroll Redman to re-

In order to recover against appellant, it was necessary for appellee to allege and prove that appellant was the owner

of the truck, that the driver was responsible for the collision, and that the truck was being used at the owner's direction or for the furtherance of his interests or business. It has been held in many cases that when the ownership of the vehicle is established, and responsibility for the damage is placed upon the driver, the presumption arises that the driver was the agent or employe of the owner and that he was acting within the scope of his duties or authority at the time the collision occurred. It is also well settled, however, that such presumption is strictly a presumption and not evidence. It is a mere rule of procedure and is designed to force the defendant to produce evidence disclosing the true facts concerning the relationship between him and the driver of the vehicle which caused the injury and damage. The only question to be determined, therefore, is whether or not the evidence adduced by appellant was sufficient to overcome the presumption. The rule is that the testimony produced by the defendant must be of a positive nature, free of equivocations, and such as the jury has a right to believe. Appellant testified in his own behalf but produced no other witness, and appellee further contends that the testimony of appellant alone was not sufficient to overcome the presumption, because he was a party to the suit and interested in the subject matter. He asserts, furthermore, that appellant's testimony was not clear and positive in its nature; that he did not produce all the evidence available concerning the relationship existing between him and Redman; and that the court was therefore warranted in declining to instruct the jury to return a verdict in response to appellant's motion.

■ We cannot agree with appellee that the testimony of appellant alone was not sufficient to overcome the presumption contended for by him, that it was necessary that appellant produce other witnesses corroborating his own testimony. The rule in such cases is that when ownership of the truck is established, the burden of the evidence is shifted to the owner and he must disclose the true facts in his possession and prove by positive testimony that the operator of the truck was not his agent or employe, nor operating the truck in his behalf or in furtherance of his interests. When he produces such proof, the presumption vanishes and the plaintiff then has the burden of producing other evidence of the defendant's legal responsibility or his case

fails. Hudson v. Ernest Allen Motor Co., Tex.Civ.App., 115 S.W.2d 1167; Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057; Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106; Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763; Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284.

■ We know of no rule which prohibits the court or jury from accepting the testimony of the owner of the truck if it meets the other requirements. On the other hand, it is well established by many authorities of the courts of this State that neither a court nor a jury is warranted in refusing to give proper weight to undisputed testimony of interested parties when no suspicion is cast upon it by other facts in the case. In discussing a contention similar to that made here by the appellee, it was said by the Commission of Appeals in the case of Trinity Gravel Co. v. Cranke, Tex. Com.App., 282 S.W. 798, 801: "But that legislative action which removed the ancient common-law disqualification was tantamount to a declaration that testimony is not shorn of all probative force merely because of the fact of interest. The incongruity of making competent evidence that which a trier of fact issues may arbitrarily disregard is manifest. The present case may be used as an illustration to give point to the incongruity, for none but interested parties testified on either side, and, if the rule were such as that claimed, the judge (in such a case tried with a jury) could not set the verdict aside, nor could it be reviewed on appeal. But here, as elsewhere, the rule is that the judge (acting without a jury), or a jury, may not 'lawfully deny proper weight to undisputed facts with no suspicion cast upon them.'" See also, Malone v. National Bank of Commerce, Tex. Civ.App., 162 S.W. 369; M. H. Thomas & Co. v. Hawthorne, Tex.Civ.App., 245 S.W. 966; Hill v. Staats, Tex.Civ.App., 187 S. W. 1039.

■ Appellee asserts that he discharged the duty of producing additional evidence in support of his allegation that Redman was the agent or employe of appellant and cites the testimony to the effect (1) that on the day after the collision McDaniel paid to appellant $66.50 which he then owed to Redman for the hauling, and that appellant accepted the money and appropriated it to his own use; (2) that after the collision appellant took possession of the truck, had it repaired, placed it back on the construc-

tion job for a short time, and then sold it; and (3) that the truck was being operated under a certificate for gasoline issued to appellant by the Office of Defense Transportation. It is true that appellant was paid $66.50 by McDaniel for hauling that had been performed by Redman with appellant's truck, but the record shows that it was paid the next day after the collision and Redman was then in the hospital unable to attend to business; that appellant's truck had been damaged by the collision as a result of Redman's negligence; and that appellant used the money in payment of repairs on his truck. Redman was appellant's brother-in-law, and we see no inconsistency in his accepting money owing to Redman by McDaniel and using it to pay the expense of repairing the truck, which it was unquestionably Redman's duty to pay. Certainly, this incident did not even tend to prove appellee's allegations that Redman was the agent or employe of appellant. The truck belonged to appellant and after the collision he certainly had the right to repossess it, have it repaired, place it back on the job if he desired to do so, or to sell it at any time. The certificate for gasoline having been issued to appellant bore no more significance to the case than to imply, or warrant the presumption, that the truck belonged to appellant. We do not consider any of this testimony as even tending to prove that Redman was acting for appellant when the collision occurred or that he was at any time appellant's agent or employe.

We have read the entire statement of facts and we cannot agree with appellee that appellant's testimony was conflicting, evasive, or inconsistent. He testified that before he let Redman have the truck he had been assisting in the support of Redman's family and that he let Redman have the truck with the understanding only that Redman would use it as he saw fit and make a living for his family. He said that he expected Redman to pay him something for the use of the truck if Redman made more money than was necessary for his family's support, but that there was no agreement or contract that Redman would pay him anything for its use, and that he had nothing whatever to do with the contract or arrangement between Redman and McDaniel. He said he leased the truck in December 1942, to one Gregg for $200 per month and Gregg used it in New Mexico and employed Redman to operate it, but that Gregg abandoned the contract in March 1943, and that, while Redman continued to use the truck, he had no contract with Redman that he would be paid anything for its use or have any interest whatever in the contract between Redman and McDaniel. He said, furthermore, that if Redman had abused the truck he probably would have taken it from him. We do not find anything in this testimony which warrants its condemnation on account of evasions, indirectness, or inconsistencies. It was shown that Redman was at Marshall, Texas, the night before the case was tried and that, while McDaniel was probably available, neither appellant nor appellee called him as a witness. We discern no reason why failure to call these parties as witnesses should be attributed to appellant any more than to appellee. We find nothing in the record that would indicate their testimony would have either added anything to, or contradicted, the testimony given by appellant himself.

We have carefully examined all of the contentions presented by both parties to this appeal and, in our opinion, under the authorities above cited and the many others cited by them, appellant fully discharged the burden that was cast upon him by the presumption arising from his ownership of the truck, and appellee failed to produce any evidence connecting appellant in any way with Redman's acts, conduct, or negligence in connection with the collision. Under these circumstances, it was the duty of the court to instruct the jury to return a verdict in favor of the appellant as requested by him. The case seems to have been fully developed and we conceive of nothing that can be gained by another trial. Redman not having appealed and the testimony abundantly supporting the findings of the jury that the collision resulted from his negligence, the judgment will not be disturbed as to him. It will be reversed, however, as to appellant Boydston, and judgment here rendered that as to him the appellee take nothing.