**EILAR v. THEOBOLD.**

No. 11691.

Court of Civil Appeals of Texas.
San Antonio.

April 9, 1947.

Thompson, Knight, Harris, Wright, & Weisberg, of Dallas, for appellant.

Thomas & Thomas, of Big Springs, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling a plea of privilege. W. D. Theobold sued P. O. Eilar in the District Court of Mason County for damages allegedly caused by a collision between a truck belonging to Theobold and one belonging to P. O. Eilar. The collision occurred in Mason County. P. O. Eilar resides in Harris County. Venue was claimed by reason of Subdivision 9 of Article 1995, Vernon's Ann.Civ.Stats.

Appellant assigns as error the admitting in evidence of certain statements claimed to have been made by P. O. Eilar to appellee. Appellee testified that shortly after the collision he was introduced to a man by the name of P. O. Eilar and that the man also introduced himself as P. O. Eilar. This meeting occurred in a cafe in the City of Brady. This man told appellee, in effect, that he was the owner of the truck which had collided with appellee's truck and that it was being driven at the time by one of his employees by the name of Hap Sandel.

Appellee has never seen the P. O. Eilar who has filed this plea of privilege, unless the man he met in Brady is that man. It occurs to us that there is no better way to learn a man's name than for him to state his name. Appellant did not attend the trial and no opportunity was given appel-

lee to see whether or not the man he met in Brady is the appellant. Appellee did give a description of the man he met in Brady. There is no reason to believe that the man appellee met in Brady was not the appellant, and the only reason to believe he was is that he said his name was P. O. Eilar and that he owned the truck which was in the collision. There was a card found on the ground at the scene of the collision reading as follows:.

"Office
3215 South Main
Lehigh 7787

Special Tools

Experienced Workmen

Eilar Tree Experts

· Let Us Save and Beautify Your Trees

Trimming—Cavity Work—Bolting—Cabling

Fertilizing, Spraying and Shrubbery Trimming

Fully covered by Property Damage and Liability Insurance

Representative

Box 1039

P. O. Eilar

Houston, Texas"

There was also enscribed on the truck, "Eilar Tree Experts."

In Ryan v. City National Bank & Trust Company, Tex.Civ.App., 186 S.W.2d 747, 748, it is stated:

"The contention that it was not shown that the defendant in the Oklahoma judgment and in the Texas case were the same person is overruled. A person with the same name as the defendant in the Oklahoma judgment filed an answer in the Texas case that shows said parties are identical."

█ It is uncontradicted that appellee met a man in a cafe at Brady by the name of P. O. Eilar, and appellant's name is P. O. Eilar. In the absence of proof to the contrary it will be presumed that the man appellee met in the cafe at Brady was the appellant. Chamblee v. Tarbox, 27 Tex. 139; 84 Am.Dec. 614.

In Davidson v. Wallingford, Tex.Civ. App., 30 S.W. 827, 828, it is said:

"It has been decided in this state that it is error to submit to the jury the question of identity when the names are similar, and there is an absence of evidence creating doubt of the identity of the person bearing the name. It is said that 'the similarity of

names ought to be sufficient in every case, and the jury, if instructed at all, ought to be told so.'"

█ The statements offered in evidence were in the nature of admissions against interest. Inasmuch as the person making the admissions bore the same name as appellant it will be presumed, until the contrary appears, that he was the appellant. The evidence shows that a serious wreck had taken place. At the scene of the collision was found a card with the name and address of appellant thereon. Appellant is notified of the collision and in due time a man appears in Brady, introduces himself as P. O. Eilar, and admits that he is the owner of the truck and that it was being operated by his agent. Nobody but a knave or a fool would do such a thing unless he was in truth and in fact the owner of the truck. Appellant did not see fit to offer any evidence of mistaken identity. The presumption must prevail that appellant made the admissions. Similarity of names is sufficient to establish identity of persons when there is no evidence to the contrary and no suspicion has been cast upon the transaction. Dittman v. Cornelius, Tex. Com.App., 234 S.W. 880. Identity of names is prima facie evidence of identity of persons. Ryle v. Davidson, Tex.Civ.App., 116 S.W. 823, certified question answered, Davidson v. Ryle, 103 Tex. 209, 124 S.W. 616; Bailie v. Western Livestock, etc., 55 Tex. Civ.App., 473, 119 S.W. 325.

In Wigmore on Evidence, 3d Ed., p. 788, Sec. 667a, is found the following statement:

"A person's name is the title by which habitually he calls himself and others call him. To know a person's name, therefore,

is to have heard him so called by himself and by others. In strictness, such an utterance is not hearsay (Fact, Sec. 1772), except where it is made as an assertion of fact. But, though it may be hearsay, as a source of information, yet it is universally relied upon as a source of knowledge. Courts have commonly accepted the testimony founded upon it."

In support of this the author cites, among other cases, Toletti v. Bidizcki, 118 Conn. 531, 173 A. 223, 224, wherein it is said:

"Plaintiff relies for proof of the agency upon admissions claimed to have been made by the defendant in a conversation a few days after the accident. Plaintiff testified that he went to defendant's place of business, which was a restaurant at 264 Hamilton Avenue, to inquire what he was going to do about the matter; that defendant said he was very sorry for what had happened; that, if he had known that 'John' was drunk, he would not have sent him up Buck's Hill to get stuff for his restaurant; that he let him take his car to go up on the farm to get this stuff; and that afterward he was to use the car as he saw fit for the rest of the day. Upon cross-examination it developed that the plaintiff had never seen the defendant before, and on the redirect plaintiff was asked how he knew that the man he talked with was Bidizcki, and replied that he walked in the place 264 Hamilton Avenue and inquired if Alex Bidizcki was around, and that this man, who was the sole occupant of the place, said that he was Alex Bidizcki. Defendant moved that the answer be stricken out as hearsay, and the motion was denied. The defendant contends that this evidence was inadmissible to establish the identity of the person with whom the plaintiff talked, and that consequently there was no evidence before the jury that the operator of the car was the defendant's agent.

"The statement by a person of his name, like his statement of his age, is in the nature of hearsay evidence in the sense that his source of information is what has been told to him at some time by others, but such statements are universally relied on as a source of knowledge both in the ordinary affairs of life and in the everyday business of the courts. 1 Wigmore, Evidence (2d Ed.) § 667. The plaintiff testified without objection that he had talked with the defendant and that the latter had made the statements recited above. That it subsequently developed that the plaintiff had not previously known the defendant did not render this evidence inadmissible. The defendant, of course, would not be bound by the statements attributed to him unless there was evidence from which the jury could reasonably find that he was the person who made them. The evidence that the person with whom the plaintiff talked was in sole charge of the defendant's place of business, upon inquiry being made for Alex Bidizcki stated that he was the man, that he was sorry for the accident, and indicated in his conversation with the plaintiff a knowledge of the circumstances connected with it, together with the fact that the witness described the physical appearance of the man with whom he talked, and the defense offered no evidence that such was not the physical appearance of the defendant—with which the driver Lazeski at least was familiar—all tended to identify him as the defendant, and was sufficient to justify a finding by the jury that he was the defendant."

The trial court properly admitted the evidence.

Appellant next contends that the evidence is insufficient to show that the driver of appellant's truck was acting at the time of the collision in the furtherance of his employer's business. There is no evidence in this record except that offered by appellee. The trial court overruled appellant's plea of privilege, thereby resolving all doubts in appellee's favor. According to appellee's testimony, which we must accept as absolutely true under the situation here presented, appellant admitted to him that he was the owner of the truck which collided with appellee's truck, and that it was being driven at the time by Hap Sandel, an employee of his. When the evidence shows that the defendant in a case is the owner of a motor vehicle which collided with that of the plaintiff, and that the person who was operating such motor vehicle was the employee of the owner, then a presumption arises that such employee was acting in the course of his employment and in

240

the furtherance of his employer's business. Broaddus v. Long, 135 Tex. 353, 138 S.W. 2d 1057; Boydston v. Jones, Tex.Civ.App., 177 S.W.2d 303, 305. Appellant points out that the collision occurred on a Sunday, that the driver was intoxicated, that one of the persons in the truck tried to get Hap Sandel to let him drive, and that there is no evidence as to whether the truck contained tools or as to whether the occupants had on their working clothes. These matters are insufficient to overcome the presumption that the operator of the truck was acting in the course of his employment and in the furtherance of his employer's business.

The judgment is affirmed.