Rip C. UNDERWOOD, Appellant,

v.

Donald F. MITCHELL et al., Appellees.

No. 3968.

Court of Civil Appeals of Texas.
Eastland.

March 19, 1965.

Rehearing Denied April 9, 1965.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellees.

WALTER, Justice.

Donald F. Mitchell and wife, Maybelle Mitchell, and Carrie Armundson, a feme sole, filed suit against Rip C. Underwood in Roberts County to recover damages for personal injuries resulting from an automobile collision. Underwood filed a plea of privilege to be sued in Potter County. Plaintiff filed a controverting plea asserting venue in Roberts County under subd. 9a of Article 1995. The court overruled the plea of privilege.

Underwood has appealed. He contends the court erred in overruling his plea of privilege because there is no evidence and insufficient evidence that J. D. Burke, the driver of Underwood's vehicle, was at the time of the accident within the scope of his employment. He also contends such finding is against the great weight and preponderance of the evidence.

Donald F. Mitchell testified substantially as follows: I am 56 years of age and live at Benson, Minnesota. I was in Pampa, Texas, on March 2, 1964, attending the funeral of my brother. After the funeral, we decided to return home. My wife and my sister, Mrs. Armundson, were traveling with me. While we were traveling on the highway north of Pampa we had a collision. As we were traveling north on the highway we met another car traveling in the opposite direction, and I would say I was forty or fifty feet from this car. At such time another car came out from behind the car we were meeting. I immediately hit the brakes and there wasn't time for anything else. The car that collided with us was going south and we were going north. Mrs. Armundson, my wife and I all sustained personal injuries.

Stanley Schneider testified substantially as follows: I am employed as a patrolman with the Texas Highway Department. I was stationed at Pampa on March 2, 1964. On that date I was called to investigate a collision that took place a few miles north of here on the Perryton highway. When I first observed Mr. Burke at the scene of the collision he acted like a drunk person would act and didn't even know he was hurt. I told him I had better take him to the hospital and he told me he wasn't hurt. I smelled alcoholic beverages on Mr. Burke's breath. I found some beer and whiskey in his car. I took him to the hospital and he signed a consent agreement for a blood test.

Eldon Straughan testified substantially as follows: I am a chemist and toxicologist in the Crime Laboratory of the Texas Department of Public Safety. I received a blood sample purporting to be the blood of J. D. Burke. My examination revealed that the blood specimen contained a .16% alcohol, that means .16% of the blood was composed of alcohol. In my opinion the person from whom this blood was taken was intoxicated at the time the specimen was taken.

J. D. Burke testified substantially as follows: I am a driller and a tool pusher in the oil field. I have lived in Pampa since 1953. On March 2, 1964, I was an employee of Rip C. Underwood. I had been working for Mr. Underwood for a little less than a year. He was paying me $600.-00 per month and expenses. By expenses, I mean traveling expenses while I was away from home. Underwood furnished me with an automobile. I am required to do a great deal of traveling as a tool pusher. As an example of the amount of traveling I do, at one time I went to Utah and drilled one well and then came home and stayed a couple of months and went back and moved the rig to Kansas.

On March 2, 1964, I was involved in an automobile collision. This collision occurred about six or seven miles north of town. I do not remember anything about this wreck. The last thing I remember was coming by a little red school house out there and seeing some headlights. The next thing that I remember was when I woke up at Amarillo the following Friday in St. Anthony's hospital. Before the accident I had been in Satanta, Kansas, working for Underwood. Underwood's rig is located there. I left the field about 4:00 o'clock that afternoon. Satanta is about 130 miles from Pampa. I was driving one of Underwood's automobiles at the time of the collision. It was a '62 Ford. Underwood provided me with this car the year before when I went to Utah, and I have had this car in my exclusive possession ever since that time. As a tool pusher I was authorized to drive the car to and from my residence. I was authorized to use the car in coming from the location to my home. I was under orders from Mr. Cecil Rowden, Underwood's drilling superintendent, to go to Lefors and replace a man who had a heart attack, for a few days. That was the reason I was on the highway. He was asked, "Now, the reason you were coming to Pampa was because you were going to have to go on down to Lefors the next day, is that right?" and he answered,

"Yes, sir." I would have been drawing the same money working at Lefors as I was drawing pushing tools. It was our practice to call Underwood's office "every day, most every day." The reason I was on the highway at the time of the wreck was because I was under orders to go on down to Lefors the next day.

H. D. Thompson testified substantially as follows: I live in Amarillo and am employed by Rip Underwood as his office manager. On the day of his wreck Mr. Burke was on Underwood's payroll. He remained on the payroll through April. Mr. Rowden had authority to send Mr. Burke to Lefors. I have not talked to Rowden but Burke told me that Rowden sent him to Lefors.

Our Supreme Court in the case of James v. Drye, 159 Texas 321, 320 S.W.2d 319, 323, said: "On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment." Our Supreme Court in Renfro Drug Company v. Lewis, 149 Texas 507, 235 S.W.2d 609, 613, said: "In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'"

In Broaddus v. Long, 135 Texas 353, 138 S.W.2d 1057, (Sup.Ct.), the court said: "In order to render the master liable for the act of his servant, such act must be committed within the scope of the general authority of the servant, in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. * * * We approve the rule as stated in 5 American Jurisprudence, supra. Such rule is as follows: 'Again, if it is proved that the automobile in question was owned by defendant, and further proved that the driver was in the employ-

ment of defendant, a presumption then arises that such driver was within the scope of his employment when the accident occurred. The burden of proof is then placed on the defendant to prove that at the time of the accident the driver was not acting for him, but was using the machine for his own purposes, or outside the scope of the employment.'"

The evidence does not conclusively show that Burke had turned aside from Underwood's business or that he was engaged on a mission of his own or that he had departed from the scope of his employment. Burke was traveling on the highway at the time of the wreck under orders from his master's field superintendent in his master's car and was on the payroll for that day and for some time thereafter. Before he reached his new assignment he had a wreck. The facts and circumstances of this case conclusively established that at the time of the accident Burke was an employee of Underwood and that the automobile he was operating belonged to Underwood, therefore a presumption arises that Burke was acting within the source and scope of his employment and in the furtherance of Underwood's business. See Eilar v. Theobold, Tex.Civ.App., 201 S.W.2d 237, (no writ history).

Appellant recognizes, under the facts of this case, a presumption arises that Burke was in the course of his employment. It is his contention, however, that his testimony is so clear and conclusive that he has discharged his burden of rebutting the presumption as a matter of law. We are unable to agree with this contention.

We have considered all the evidence and find that the court's finding that Burke was acting within the scope of his employment was not against the preponderance of the evidence. In re King's Estate, 244 S.W. 2d 660.

The judgment is affirmed.