Wesley D. RISTER, Appellant,

v.

J. W. BUCK, Jr., Appellee.

No. 4104.

Court of Civil Appeals of Texas.

Eastland.

Oct. 21, 1966.

Rehearing Denied Nov. 11, 1966.

**860**

Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

Wagstaff, Alvis, Pope, Doscher & Charlton, Abilene, for appellee.

GRISSOM, Chief Justice.

Wesley D. Rister sued J. W. Buck, Jr. and Donald Ray Atkinson for damages caused by injuries he received when he was knocked from his pickup by poles which, he alleged, projected an unlawful distance from a Chevrolet pickup parked at a cafe at night on a public highway and street in Anson, Jones County, Texas. J. W. Buck filed a plea of privilege to be sued in Lubbock County, where he resides. The case against Atkinson was severed and is not directly involved here. In a trial to the court, at the conclusion of the evidence the court rendered judgment sustaining the plea of privilege of Buck. Rister has appealed.

Appellant contends, in substance, that the court erred in sustaining Buck's plea of privilege because he conclusively established, in accordance with the requirement of Section 9a, Article 1995, that Buck committed an act or omission of negligence in Jones County or that his employee, while acting within the scope of his employment, was guilty of such act or omission of negligence, which was a proximate cause of Rister's injury.

There is no question but that Mr. Rister was sitting on a tire in the back end of his pickup, while it was being driven by his young daughter, and that he was knocked therefrom by something protruding from the parked Chevrolet pickup which belonged to Buck. Atkinson, an employee of Buck, is certainly shown, so far as his (Atkinson's) liability is concerned, to have left the car parked at the cafe before the accident which happened about 8:00 o'clock on a Saturday night. There is evidence that the pickup, or its load, extended more than four feet into the highway and street and, for present purposes, we shall assume that the evidence established a violation by someone of Section 120, Article 6701d, prohibiting projection of a load four feet or more "beyond the bed or body of such vehicle" without the statutory red flag or warning.

In the absence of findings of fact, and none was here required or filed, we are required to presume that the court found every fact necessary to support the judgment. Under the established rules, appellant had the burden to allege and to prove, by a preponderance of the evidence, an act or omission of negligence committed in Jones County which proximately caused an accident for which Buck was responsible. It is evident that Buck's responsibility was not conclusively established. It was not conclusively established that the act of Atkinson in parking Buck's pickup, if he did, with the load thereon extending four or more feet beyond its bed or body without the warning sign thereon, as required by Article 6701d, Section 120, was done in the course of Atkinson's employment for Buck. Stated differently, the liability of Buck was not conclusively established and the court was authorized to find that his liability for Atkinson's act or omission had not been established and to sustain Buck's plea of privilege. This holding is not in conflict with the decision in Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057, 1059. It is in accord with our decision in Cox v. Hedges, Tex.Civ.App., 344 S.W.2d 919, 922.

The judgment is affirmed.