**KIMBELL PROPERTIES, INC.,**
**Appellant,**

v.

**Howard McCOO, Appellee.**

**No. 8739.**

Court of Civil Appeals of Texas,
Amarillo.

Dec. 28, 1976.
Rehearing Denied Jan. 24, 1977.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Brown & Brown, Phil Brown, Lubbock, for appellee.

REYNOLDS, Justice.

In this damage suit filed in the county where the cause of action arose, the evidence is factually insufficient to establish that the defendant employee was acting within the course and scope of his employment so as to fix venue against the defendant employer outside the county where its principal office is situated. Reversed and remanded.

Howard McCoo, a Lubbock County resident, filed suit in Lubbock County to recover from Kelby Robertson and Kimbell Properties, Inc., a private corporation, his damages resulting from a collision of automobiles in Lubbock County. The collision occurred when the automobile driven by Robertson struck the rear end of a vehicle driven by John J. Waldrep and propelled it into the rear of McCoo's automobile while McCoo and Waldrep were stopped for a traffic light. McCoo alleged that the negligence of Robertson, while he was working in the course and scope of his employment for Kimbell, caused the collision.

Robertson and Kimbell asserted their respective pleas of privilege to be sued in Pecos County, the county of Robertson's residence, and in Tarrant County, the county in which Kimbell's principal place of business is situated. McCoo controverted the pleas, insisting that his suit could be maintained in Lubbock County, where his cause of action arose, against both Robertson and Kimbell under the subdivisions 9a and 23 exceptions to Vernon's Ann.Civ.St. art. 1995, the general venue statute. The trial court, without stating the bases of its ruling, overruled both pleas. Only Kimbell has appealed, contending that McCoo failed to sustain his burden of establishing venue in Lubbock County as to it under either exception.

Kimbell's first challenge to retention of venue in Lubbock County is that McCoo failed to prove that Kimbell had an agent or representative in Lubbock County at the time the pleaded cause of action arose as he was required to do under subdivision 23. No other venue facts are questioned in this challenge.

Subdivision 23 provides that suits against a private corporation may be brought in the county in which its principal office is situated,

> . . . *or in the county in which the cause of action or part thereof arose* ; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation . . . has an agency or representative in such county; or, if the corporation . . . had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which the plaintiff resided at said time in which the corporation . . . then had an agency or representative. (Emphasis supplied).

These provisions are permissive alternatives; therefore, when the venue facts establish that a cause of action or a part thereof arose in the county where a private corporation is sued, it is not necessary to

show that the corporation has an agency or representative in the county. *Anderson Company v. South Texas Planting Seed Association, Inc.,* 472 S.W.2d 592, 594–95 (Tex. Civ.App.—Corpus Christi 1971, no writ). See, also, *Stone Fort Nat. Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674, 676 (1936). The authorities cited by Kimbell to hold otherwise are those speaking to the last two quoted provisions of the statute which, unlike the provision invoked here, require a showing of a corporate agency or representative in the county of suit. Kimbell's first two points of error are overruled.

The next and last two points are that McCoo failed to satisfy the requirements of either subdivision 9a or subdivision 23 because he adduced "no evidence" or "insufficient evidence" of the venue fact that Kimbell's employee, Kelby Robertson, was acting in the course and scope of his employment at the time of the automobile collision. A statement is appropriate.

Kimbell admitted that on the date of the collision Kelby Robertson was its employee to whom it had furnished the automobile involved in the accident. Robertson was a price administrator whose duties were to check prices at competing stores for comparison with Kimbell's prices. He was given instructions of set plans to do each week. His hours were eight to six during five days of the week and "up . . . to noon on Saturdays." Robertson said that he "was on salary" and added that he "was paid per hour."

The collision occurred on a Saturday, "right at noon" according to Robertson, who said, "I was on my way home, I was still getting paid for the work I was doing, I had not gone home yet." Prior thereto, Robertson had checked prices at one store, and probably at two stores, and he "didn't have a third stop." He had "no doubt whatsoever" that he was on the job when the accident happened, although he said, "I don't know what I was fixing to do that afternoon or at the time where I was headed." After the accident, Robertson did not go to another store, but he went home.

McCoo testified that the collision occurred "around noon," but when asked if he had stated when his deposition was taken six months earlier that it was 1:00 in the afternoon, he said he could not be sure of the time and could not say exactly it was twelve or one. The other person involved in the collision, Waldrep, testified that the time of the accident was "approximately eleven, between eleven or 12:00."

■ To hold Kimbell accountable for Robertson's negligence, it is necessary to show that Robertson negligently acted within the scope of his general authority, in furtherance of Kimbell's business, and for the accomplishment of the object for which Robertson was employed. *Broaddus v. Long,* 135 Tex. 353, 138 S.W.2d 1057, 1059 (1940). The evidence that Kimbell employed Robertson and furnished for use in his employment the automobile involved in the collision gave rise to the presumption that Robertson was acting within the course and scope of his employment at the time of the accident. *Broaddus* at 1058. Absent proof to rebut the presumption, it is sufficient to establish that venue fact. *Wheeler v. Nailling,* 524 S.W.2d 552, 554 (Tex.Civ.App.—Texarkana 1975, no writ). However, upon proof to the contrary, the presumption vanishes and the burden is on the plaintiff to produce other evidence of course and scope of employment or his cause fails. *Houston News Co. v. Shavers,* 64 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1933, writ ref'd). Robertson's testimony that he did not have another stop and that he was on his way home rebutted the presumption that he was within the course and scope of his employment at the time of the collision. The question, then, is whether there is other evidence of probative force to support the trial court's implied finding that Robertson was acting in the course and scope of his employment when the collision occurred.

■ Robertson's testimony that he was on the job when the accident happened is a legal conclusion without probative value to show his course and scope of employment. *Robertson Tank Lines, Inc. v. Van Cleave,*

468 S.W.2d 354, 361 (Tex.1971). The remaining evidence is sufficient for the fact finder to conclude that the collision occurred during Robertson's hours of employment for which he was being paid, and it is some evidence of course and scope of employment; yet, a consideration of all the evidence reveals it is factually insufficient to support the finding that Robertson was then in furtherance of Kimbell's business which was the object of Robertson's employment. The consequence is that McCoo failed to discharge his burden to show by a preponderance of the evidence that Robertson was within the course and scope of his employment when the collision occurred. Accordingly, Kimbell's "no evidence" point is overruled and its "insufficient evidence" point is sustained, which requires that the cause be remanded. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97, 99–100 (1953).

The judgment is reversed and the cause is remanded.