**Billy KULMS and Everett Butler**

v.

**Marvin JENKINS.**

No. 8815.

Court of Civil Appeals of Texas, Amarillo.

Oct. 11, 1977.

Appellants Rehearing Denied Nov. 7, 1977.

Appellee's Rehearing Denied Nov. 7, 1977.

Gardere, Porter & DeHay, Douglas A. Harrison, Dallas, for appellants.

Maner, Nelson, Jones & Reaud, Inc., Loyd N. Jones, Lubbock, for appellee.

REYNOLDS, Justice.

Plaintiff Marvin Jenkins recovered a judgment for damages resulting from an intersection collision between his vehicle and one operated by defendant Billy Kulms and owned by his employer, defendant Everett Butler. Without challenging jury answers establishing that Kulms was, but Jenkins was not, guilty of negligence proximately causing the collision, Kulms and Butler seek to reverse the judgment. Their theories are that there is a lack of the prescribed evidential support for the issue of the scope of Kulms' employment and for some elements of Jenkins' damages, and that prejudicial evidence concerning a criminal complaint filed against Kulms was adduced before the jury. Eliminating the award for medical expenses not shown to have been necessarily incurred as a result of the collision, we find no reversible error attending the rendition of the judgment. Reformed and affirmed.

In response to the first special issue, the jury found that at the time of the collision Kulms was engaged in the service of Butler and in the furtherance of his business. Both the submission of and the answer to the issue are subjected to "no evidence" points of error, and the answer is also attacked by a factually insufficient evidence point. A statement properly positions the points.

Butler employed Kulms for general farm work. Kulms was paid a weekly wage without any deduction being made for work time lost due to adverse weather. Sometimes, so Butler said, he furnished Kulms a pickup truck to travel to and from work

and in looking after Butler's farm. Due to wet weather, Kulms had not done any work on the farm on either one day or two days prior to the collision. Early on the morning of and before the collision, Kulms drove Butler's pickup, which Kulms said he had been driving for two years, from Kulms' home to a cafe where he normally met Butler's foreman to talk about work activities for the day. Although Kulms and the foreman had met at the cafe on the two preceding days, the foreman did not appear on the day of the collision. Kulms left the cafe, intending to drive to Butler's fields to see if the land was dry enough to work. The intersection collision occurred before Kulms reached the fields.

There is recorded in Butler's deposition, taken some nine and one-half months after the collision, the following:

Q Okay. Would it be your opinion that on the morning of the accident, that Mr. Kulms was in the course of his duties when this accident occurred?

A Yes.

Q And he was in the furtherance of your business affairs, whatever that was?

A Right.

Q He was taking care of your farm, whatever he was supposed to be doing, is that right?

A Right.

At the trial approximately twenty-eight months after the collision, Butler testified that Kulms had neither done any work for him on the morning of the accident nor, because it had rained, for two days before that time. Butler further said that at the time the accident occurred, Kulms was on his way to Butler's headquarters to see if he was supposed to work that day.

It was Kulms' trial testimony that he was working for Butler on the day of the accident. He further testified, however, that he was driving to work and had not done any work for Butler at the time of the collision.

■ For Butler to be liable for Kulms' negligent acts, it must be satisfactorily shown that those acts were within the scope of Kulms' general authority, in furtherance of Butler's business, and for the accomplishment of the object for which Kulms was employed. *Broaddus v. Long,* 135 Tex. 353, 138 S.W.2d 1057, 1059 (1940). Kulms' testimony that he was working for Butler on the day of the accident is a legal conclusion which has no probative value on the question of the course and scope of Kulms' employment at the time of the collision, *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 361 (Tex.1971); however, the evidence that Butler employed Kulms and furnished for use in his employment the pickup truck involved in the collision gave rise to the presumption that Kulms was acting within the course and scope of his employment when the collision occurred. *Broaddus v. Long, supra,* 138 S.W.2d at 1058. But, that presumption vanished when Kulms testified that he was driving to work and had not done any work for Butler at the time of the collision, *Hudiburgh v. Palvic,* 274 S.W.2d 94, 98 (Tex.Civ. App.—Beaumont 1954, writ ref'd n. r. e.), and the rebutted presumption could not be treated as evidence by the jury in reaching its verdict. *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 768 (1940). Consequently, if Butler was to be held liable, Jenkins had the burden of producing other evidence that Kulms was acting within the course and scope of his employment. *Houston News Co. v. Shavers,* 64 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1933, writ ref'd).

Jenkins points to the circumstances of Kulms' employment and particularly to Butler's deposition testimony as other evidence tending to establish the course and scope of Kulms' employment. Butler and Kulms respond that Butler's deposition testimony is nothing more than a legal conclusion and opinion which is not competent evidence to support the jury's affirmative finding. Cited to support the response are *Robertson Tank Lines, Inc. v. Van Cleave, supra,* and *Kimbell Properties, Inc. v. McCoo,* 545 S.W.2d 554 (Tex.Civ.App.— Amarillo 1976, no writ). These cases hold that an *employee's* statement that he was

"on the job" is without probative value to show the employee's course and scope of employment, but they are not controlling on the probative value of an *employer's* statements on the same subject.

■ Generally, the declarations of an agent are not admissible as primary evidence of the fact that he was acting within the scope of his employment, *Webb-North Motor Co. v. Ross,* 42 S.W.2d 1086, 1087 (Tex.Civ.App.—Austin 1931, writ dism'd), but the rule does not operate to bar a principal's testimony, which is admissible, to prove the fact. *Lightsey Black & White Cab Corporation v. Littlefield,* 48 S.W.2d 766, 770 (Tex.Civ.App.—Fort Worth 1932, writ ref'd). The admissions of a party of record are always receivable against him, C. McCormick and R. Ray, Texas Law of Evidence § 1161, as evidence of the facts stated. *Bennett v. Romos,* 151 Tex. 511, 252 S.W.2d 442, 445 (1952).

■ Thus, Butler's deposition testimony was admissible on the issue of Kulms' course and scope of employment. Nevertheless, Butler's deposition statements are only extra-judicial or quasi-judicial admissions which are not conclusive on him, *Esteve Cotton Company v. Hancock,* 539 S.W.2d 145, 157 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.), and, being inconsistent with his trial position, were subject to explanation or contradiction. *Texas General Indemnity Co. v. Scott,* 152 Tex. 1, 253 S.W.2d 651, 655 (1952).

■ There being some evidence of probative force that Kulms was in the scope of his employment at the time of the collision, the issue was for the jury, *Anderson v. Moore,* 448 S.W.2d 105 (Tex.1969); and, the evidence on the issue being conflicting, the determination of the fact was for the jury. *Air Conditioning, Inc. v. Harrison-Wilson-Pearson,* 151 Tex. 635, 253 S.W.2d 422, 425 (1952). In determining the ultimate fact, it was the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve the conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of different witnesses. By its role, the jury was privileged to believe all or none of the testimony of any one witness or to accept it in part while rejecting it in another part. *Esteve Cotton Company v. Hancock, supra,* at 158. Moreover, the jury was entitled to draw reasonable inferences from the facts it found were proved. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194, 199 (1952). After reviewing all the evidence, we cannot say, with due regard for the jury's prerogatives, that the evidence in support of the finding that Kulms was engaged in the service of Butler and in the furtherance of his business is so weak, or that the contrary evidence is so overwhelming, that the finding should be set aside.

During the trial, the investigating officer testified that he signed and filed a complaint concerning Kulms' failure to yield the right-of-way. No objection was then lodged. Thereupon, an exhibit, which was not identified before the jury, was marked for identification and an unreported hearing was held at the bench. The court then announced that the objection was sustained. The exhibit was withdrawn. Kulms and Butler moved for a mistrial "for the presentation of this and then withdrawing it and the questions asked this witness in regard to what he is now withdrawing." The motion was overruled, but the court instructed the jury not to consider the tender and offer for any purpose whatsoever. It is asserted that the court erred in failing to grant the motion for mistrial.

■ It has been recognized that, in the trial of a tort action involving a vehicle accident, it is improper to show that a criminal charge, which applies a yardstick different from that used in determining civil fault, has been filed. *Switzer v. Johnson,* 432 S.W.2d 164, 167 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). Yet, a reversal can be justified only when a review of the entire record convinces the reviewing court that the error was calculated to cause and probably did cause the jury to give the answer it did to all issues which will sup-

port the judgment. *State v. Parrish,* 159 Tex. 306, 320 S.W.2d 330, 332–33 (1958).

■ In this record is Kulms' concession that he failed to yield the right-of-way. In addition to finding that this failure was a proximate cause of the accident, the jury further found that other acts of Kulms were negligence which proximately caused the accident. None of these findings has been attacked and, therefore, the imposition of liability is unaffected by the matter about which the complaint is made. Thus, under this record, we cannot say that the matter now asserted probably caused the rendition of an improper judgment.

■ A series of points stem from an issue allowing the jury to consider four elements of the total damage. The initial challenge is that the issue did not require the jury to make a separate finding on each element. The challenge is unavailing because one issue may include, as here, the closely related elements of a total damage, 3 McDonald, Texas Civil Practice § 12.23.3, and an answer by the jury to each element of damage is not required. *T & L Lease Service, Inc. v. Biddle,* 500 S.W.2d 186, 189 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Next, it is asserted that there is no evidence to warrant the submission of the elements of Jenkins' loss of earnings in the past and his loss of future earning capacity, and that the evidence is both legally and factually insufficient to support any finding thereon. In making this assertion, Kulms and Butler have not questioned the other two elements or the total amount of damages the jury awarded under this issue.

■ Within the record is evidence that Jenkins, aged 70, had worked steadily up to the time of the collision. Specific evidence of his earnings for the three and one-half years before the collision were placed in the record. Jenkins testified to the injuries he sustained in the collision, that they were disabling, and that his condition was not improving. Since the collision, Jenkins has not worked or earned any money working.

This evidence was legally sufficient for the submission of, and to enable the jury to fairly estimate, the elements of damages about which complaint is made. *McIver v. Gloria,* 140 Tex. 566, 169 S.W.2d 710, 712 (1943). A consideration of all the evidence bearing on the two elements reveals its factual sufficiency to support an award therefor if included in the answer given by the jury.

The group of points last considered arise from the jury's award of $1,721.25 for the necessary and reasonable medical expenses Jenkins incurred as a result of the collision. The submission of the issue and the answer are challenged by "no evidence" points, and the answer is said to be against the great weight and preponderance of the evidence.

■ Following the collision, Jenkins received medical treatment. The amounts charged Jenkins therefor were said to be reasonable. Jenkins was not entitled to recover the medical expenses for which he had obligated himself; instead, he was entitled to recover only those reasonable medical expenses which were necessarily incurred as a result of the collision. *Texas & N. O. R. Co. v. Barham,* 204 S.W.2d 205, 207–08 (Tex.Civ.App.—Waco 1947, no writ). A careful search of the record does not disclose any testimony nor any evidence of probative force showing that the treatment rendered was necessary as a result of the collision. Jenkins mentions the notations referring to the accident which appear in the admitted hospital records; but, without more, the notations are hearsay and must be excluded. *Skillern & Sons, Inc. v. Rosen,* 359 S.W.2d 298, 305 (Tex.1962).

■ The separate submission of this element of damage permits the rendition of the judgment the trial court should have rendered. *McDaniel v. Castro County,* 514 S.W.2d 488, 491 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). Therefore, the judgment is reformed to eliminate therefrom the sum of $1,721.25.

As reformed, the judgment is affirmed.