**Ruby Lee HART, Appellant,**

v.

**Jace P. FLOYD, Jr., Appellee.**

**No. 15898.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 23, 1977.

Sam C. Bashara, San Antonio, for appellant.

John D. Box, Duke, Branch & Schmidt, San Antonio, for appellee.

MURRAY, Justice.

In January 1974, appellee, Jace P. Floyd, Jr., made a loan of $2,500.00 to appellant, Ruby Lee Hart. After default, suit was instituted by appellee against appellant to collect the amount of the loan. When the case was called for trial the attorney for appellant made a motion for continuance which was overruled. A jury was empaneled and at the close of the evidence the trial court instructed a verdict for plaintiff.

As stated in the appellant's brief, the only issue before this Court is whether or not the identity of the appellant as recipient of the funds was established as a matter of law. Appellant contends that, although appellee testified that he loaned the money to appellant, Ruby Lee Hart, and that a Ruby Lee Hart was served with citation, it was incumbent on appellee to identify that the Ruby Lee Hart that was served with citation was the same Ruby Lee Hart that he loaned the money to. It is the settled law of this State that, in civil cases, similarity of names is sufficient to establish identity of persons when there is no evidence to the contrary and no suspicion has been cast upon the transaction. *Eilar v. Theobold,* 201 S.W.2d 237 (Tex.Civ.App.—San Antonio 1947, no writ).

Appellant's contention that the trial court, in granting motion for directed verdict at the close of appellee's case, denied appellant an opportunity to make an issue of identity is without merit. While it is true that the statement of facts does not show that appellant stated "We close," it is apparent from the record that he had no further evidence to introduce. Appellant was not present at the time of trial and in fact was in California. The attorney for appellant stated to the trial judge, "May I further point out to the Court that we tried at the beginning to get this case continued till I had the opportunity to present whatever facts; this is denied by Mr. Floyd's insistence upon going to trial. At this point in time, we were left with no alternative but to present a technical and legal action because of failure of Counsel to make the proof upon identity." It should also be pointed out that in response to a motion for summary judgment defendant, Ruby Lee Hart, filed a sworn affidavit admitting that she received the loan as plead by the plaintiff but denying the loan had matured.

The judgment of the trial court is affirmed.